## Richmond.

FINCH AND OTHERS v. GARRETT.

January 14, 1909.

Absent, Cardwell, J.

1. RESCISSION—*Fraud—Laches—Case in Judgment.*—If a party intends to repudiate a contract on the ground of fraud, he should do so as soon as he discovers the fraud. If, after the discovery of the fraud, he treats the contract as a subsisting obligation, he will be deemed to have waived his right of repudiation. Prompt action is essential when one believes himself entitled to a rescission of a contract. In the case in judgment, the appellee, with full knowledge of all the facts, acquiesced in his contract and enjoyed its benefits for years with no intimation that he had been deceived or defrauded, and hence cannot now have the same rescinded.

Appeal from a decree of the Circuit Court of Newport News. Decree for complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*S. O. Bland* and *Wm. C. Stuart,* for the appellants.

*Ashby & Read, B. A. Lewis* and *W. W. Woodward,* for the appellees.

HARRISON, J., delivered the opinion of the court.

By deed dated November 15, 1899, F. F. Finch and M. A. Finch, his wife, leased a certain lot in the city of Newport

News, the property of the female lessor, to the appellee, A. C. Garrett, his executors, administrators and assigns, for the term of forty years, ending on the 15th day of November, 1939. In September, 1906, nearly seven years after the date of the deed of lease, the lessee filed the bill in this case, asking for a rescission of the lease, upon the ground that he had been induced to enter into the contract by the false representations of the lessors and their agent, one W. I. Fitzsimmons.

There was a demurrer to the bill, which was overruled by this court in June, 1907. *Garrett* v. *Finch,* 107 Va. 25, 57 S. E. 604. For the terms of the lease in question, and the allegations of false representations relied on, see the opinion of this court in the case cited.

In the view we take of the case, it is not necessary to consider how far, if at all, the alleged false representations have been sustained by the evidence taken since the case was formerly on this docket. Consideration of these questions is obviated, because the record abundantly shows that the appellee has been guilty of such acquiescence in the contract of lease, and laches in bringing this suit for rescission, as to preclude him from the relief sought.

It is an established doctrine that, when a party intends to repudiate a contract on the ground of fraud, he should do so as soon as he discovers the fraud. If after the discovery of the fraud he treats the contract as a subsisting obligation, he will be deemed to have waived his right of repudiation. Prompt action is essential when one believes himself entitled to a rescission of a contract. *Max Meadows, &c. Co.* v. *Brady,* 92 Va. 71, 22 S. E. 845; *Hudson* v. *Waugh,* 93 Va. 518, 25 S. E. 530; *Hurt* v. *Miller,* 95 Va. 32, 27 S. E. 831; *West End Co.* v. *Claiborne,* 97 Va. 734, 34 S. E. 900; *Campbell* v. *Eastern Bldg. Asso.,* 98 Va. 729, 37 S. E. 350.

In the case at bar, it amply appears, that with full knowledge of all he now claims as fraud, the appellee continued for

a number of years to use and enjoy the leased premises, and to pay the rent arising under the contract regularly to those entitled thereto. It further appears, that during that time the appellee was endeavoring to buy out the interest of those who owned the rights of the lessor in the property, and was also offering to sell his own rights therein. It further appears, that during all of this long-continued control of the property, attended by repeated recognition of the validity of the lease contract, appellee did not at any time intimate that he had been deceived and defrauded, or that he intended to repudiate the contract; on the contrary, all that he said and did, after full knowledge, was wholly inconsistent with a purpose or intention of refusing to abide by it.

The record wholly fails to furnish any adequate or reasonable excuse for the long delay in bringing this suit, during all of which time the appellee has, without complaint, acquiesced in his contract and enjoyed its benefits.

It is the duty of a party who has been induced to enter into a contract through fraud, to act upon the first opportunity after discovering the fraud, and to repudiate its obligations, if he desires to avail himself of his right to rescind.

Under all the facts and circumstances of this case, as disclosed by the evidence, the appellee must be deemed to have waived his right to rescission. We are, therefore, of opinion that the appellee is not entitled to the relief afforded him by the decree appealed from, which must be reversed, and this court will enter such decree as the lower court should have entered, dismissing the bill with costs.

*Reversed.*