No. 36,774

Roscoe Morse and Edna G. Morse, *Appellants*, v. Kenneth E. Kogle, Eula I. Kogle and J. E. Dorst, *Appellees*.

(178 P. 2d 275)

Opinion filed March 8, 1947.

*William Keith,* of Wichita, was on the briefs for the appellants.

*Robert R. Hasty,* of Wichita, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

HOCH, J.: This case arose out of the sale of a residence property. The plaintiffs, who had bought the property and made a down payment, sought to rescind the contract on the ground of fraud and to recover the amount paid. The defendants prevailed and the plaintiffs appealed. The principal question presented is whether by their acts subsequent to knowledge of the alleged fraud, the appellants affirmed the contract and thereby lost any right to rescind which they might have asserted.

Kenneth E. Kogle and Eula I. Kogle, his wife, owned a residence property in Wichita which they agreed to sell to Roscoe Morse and Edna G. Morse, his wife, for $3,900. The deal was agreed upon at the home of the Kogles on the evening of March 20, 1946, at which time the Morses paid $50 to bind the bargain. The following evening the parties met, together with J. E. Dorst—a real estate agent representing the Kogles—at which time a written contract was signed and $450 was paid, completing the initial payment of $500 provided for in the contract. On March 25, Morse called upon Dorst and placed the property in his hands for resale at $4,200, at which time he told Dorst that in making the sale the Kogles had made certain misrepresentations—to which reference will presently be made. About two weeks thereafter, Dorst advised the Morses that he had a prospective purchaser, but the terms of payment offered were not satisfactory to them. In the meantime, the Morses had visited the place and had taken room measurements for wallpapering they contemplated having done. On April 18th, this action was filed against the Kogles and Dorst. In the petition it was alleged that the Kogles had represented that the place was not more than six blocks from the bus line, that arrangements had been completed for regrading and putting "black top" on the streets and for a rerouting of the bus line to run directly in front of the place; that these representations were controlling factors which induced them to buy the place, and that they were not true and were known by the Kogles to be untrue.

All three defendants demurred to the petition. The demurrer of Dorst was sustained and that of the Kogles overruled. The order

sustaining the demurrer of Dorst, the real estate agent, requires no discussion. It was clearly correct. Nowhere in the petition was there any allegation that Dorst had made or been a party to any misrepresentation.

There is no need to review the evidence at any length. It developed from plaintiffs' testimony that on the evening after they had made the deal, they had stopped at the home of their son and that their daughter-in-law then told them that she thought the place was farther than six blocks from the bus line; that this statement made them think that the statements about the blacktop and the prospective change in the bus route might also be untrue; that several days thereafter Morse called at the office of Dorst and made arrangements for him to offer the place for sale for them for $4,200; that about two weeks later Morse called Dorst to see if he had any prospect of securing a purchaser, and was told about a purchaser who wanted to pay $1,000 down and the balance at $45 a month; that Morse didn't care to accept that offer; that at the time he told Dorst that the place had been misrepresented in the manner heretofore stated. Subsequently the Morses consulted an attorney who called upon the Kogles, who denied making the statements as alleged. During this time the Morses at no time told the Kogles that they had misrepresented the place, nor were the Kogles informed that action was to be brought to rescind the contract.

At the conclusion of the plaintiffs' testimony, the defendants demurred and moved for judgment. The demurrer and the motion being sustained, this appeal followed.

It is well settled that one who seeks to rescind a contract for fraud must do so promptly upon discovery of the fraud, and that if by words or conduct he treats the contract as binding after having knowledge of the fraud, he thereby affirms the contract and cannot rescind. The Supreme Court of Appeals of Virginia in *Dobie v. Sears Roebuck & Co.*, 164 Va. 464, 180 S. E. 289, 107 A. L. R. 1026, stated the general rule as follows:

"If, after discovery or knowledge of facts which would entitle a party to rescind, he treats the contract as a subsisting obligation and leads the other party to believe that the contract is still in effect, he will have waived his right to rescind. Prompt action is essential when one believes himself entitled to such relief. *Max Meadows Land & Imp. Co. v. Brady*, 92 Va. 71, 22 S. E. 845; *Campbell v. Eastern Building & Loan Association*, 98 Va. 729, 37 S. E. 350; *Finch v. Garrett*, 109 Va. 114, 115, 63 S. E. 417; *Barnett v. Barnett*, 83 Va. 504, 2 S. E. 733." (p. 470.)

And see annotations following the Dobie case in 107 A. L. R. 1035, and, also, 9 C. J. 1198; 12 Am. Jur. 1030, § 449.

In *McLean v. Clapp,* 141 U. S. 429, 35 L. Ed. 804, it was said:

"Where a party desires to rescind a contract upon the ground of mistake or fraud, he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he be silent, and continue to treat the property as his own, he will be held to have waived the objection, and will be conclusively bound by the contract, as if the mistake or fraud had not occurred." (Syl. ¶ 1.)

In *Cleaves v. Thompson,* 122 Kan. 43, 251 Pac. 429, in which many cases including numerous prior decisions of this court were cited, it was said:

"Rescission is an equitable remedy designed to afford relief from contracts entered into through mistake, fraud or duress. Ordinarily, the nature of relief asked in such cases must be such as to place the parties in their original situation. Where one with knowledge of facts entitling him to a rescission of the contract, afterwards without duress ratifies it, he is not entitled to have it cancelled. Ordinarily an express ratification is not necessary in order to defeat the remedy of rescission. Acts or conduct, inconsistent with an intention to avoid it, or in recognition of the contract, have the effect of an election to affirm it." (p. 46.)

See, also, *Turner v. Jarboe,* 151 Kan. 587, 100 P. 2d 675; and *Wells v. Albers,* 122 Kan. 643, 253 Pac. 412.

Appellant Morse testified that the reason he said nothing about the alleged misrepresentations to the Kogles was that he thought Dorst could sell the place and save them from any loss, and that he saw "no use having any arguments about it, as I was trying to get it over and ended without any trouble." We may assume that the motive of appellants in saying nothing to the appellees was wholly as stated. The fact remains, however, that by offering the place for sale after full knowledge of the facts, they held themselves out to be the owners, and by their silence and otherwise, as narrated, they permitted the appellees, during the weeks intervening between the sale and the filing of this action, to continue in the unquestioned belief that the place had been sold. Whether, if advised promptly that the appellants were not satisfied with the deal, the appellees might have found another buyer would be mere conjecture. They were at least entitled to the opportunity of doing so.

Under the facts disclosed by their own testimony, the appellants could not maintain an action to rescind the contract, and the motion and the demurrer were properly sustained.

The judgment is affirmed.