No. 30,649.

WILLIAM H. BENEKE, *Appellee,* v. THE BANKERS MORTGAGE
COMPANY et al., *Appellants.*

(10 P. 2d 825.)

Opinion filed May 7, 1932.

*N. J. Ward, J. A. Fleming, Frank E. Holder* and *Mary H. Koger,* all of
Topeka, for the appellants.

*Harry C. Bowman,* of Newton, *S. W. Jackson* and *James E. Smith,* both of
Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to establish plaintiff's rights as a
shareholder in the Bankers Mortgage Company. Directors of the
company were made parties defendant as conspirators in excluding
plaintiff from the benefits of share ownership. A demurrer to the
petition was overruled, and defendants appeal.

Christopher Beneke owned fifty shares of the stock of the com-
pany. He complained that representations concerning dividends
made to him when he purchased the shares were not being fulfilled.
The vice president and the treasurer of the company visited Beneke,
and tried to obtain the shares from him by offers of trade. One
offer was of Montgomery Ward & Co. shares, which the officers said
belonged to a friend of theirs. Beneke refused to trade. Eight
days later a woman appeared who represented herself to be Gladys
Smith. She said her brother had some Montgomery Ward & Co.
shares, and she induced Beneke to trade his shares for Montgomery
Ward & Co. preferred stock. Beneke was a feeble old man, and the
receipt she gave him was simply for Montgomery Ward & Co. stock.
Later she sent him Montgomery Ward & Co. common stock, by mail.
This stock was subsequently retired, and the proceeds have been
held for Gladys Smith. Christopher Beneke promptly repudiated

the transaction with Gladys Smith, and notified the Bankers Mortgage Company not to make any transfer of his shares on the books of the company. The shares have never been presented for transfer, and have never been transferred on the books of the company.

The fraud was committed in 1921. Christopher Beneke died in 1925. Plaintiff is Christopher Beneke's son, and legatee under Christopher Beneke's will. Christopher Beneke was unable in his lifetime to identify Gladys Smith or to discover her whereabouts, and plaintiff has never been able to learn who she is or where she lives or where she may be found. In 1928 plaintiff demanded that the company issue to him a certificate for the shares, and transfer them to him on the books of the company. Action was commenced in 1929. The demurrer was overruled in August, 1931.

The foregoing facts are gleaned from the petition. The petition further alleged that the individual defendants own a majority of the shares of the corporation, constitute the board of directors of the corporation, and are in complete management and control of its affairs; that they know who Gladys Smith is, and where she may be found; that they knew all about Gladys Smith's fraudulent transaction with Christopher Beneke; that the fraud was committed with the acquiescence and consent of the directors and managers of the company, to get rid of Christopher Beneke as a shareholder for a sum less than the value of his shares; and that they have conspired to deprive plaintiff of his rights as a shareholder.

Defendants present seven reasons why plaintiff may not prevail, and support their contentions by pages and pages of printed and typewritten briefs. Cases are cited relating to what the conduct of a normal corporation should be when it is asked to issue a substitute share certificate without presentation of the original; but no case is relied on by defendants in which the corporation in effect made common cause with a fraudulent transferee.

During his lifetime Christopher Beneke was the registered owner of the shares, and they still stand in his name on the books of the company. Plaintiff is his successor in interest, and is the legal owner of the shares. The corporation was bound to act in good faith toward him and, with safety to itself, was bound to aid him in protecting his interest. The petition discloses, however, that the attitude of the directors and managers of the company is one of antagonism toward a shareholder who was defrauded with their knowledge and assent, to further their ends. Incidentally, the com-

pany itself is benefited by retention and by lapse of declared dividends.. The company could have protected the defrauded shareholder and itself. He was helpless for lack of information which the company, through its directors and managers, possessed. It is true, as defendants say, mere conspiracy is not actionable. Harmful consequence of conduct pursuant to conspiracy is actionable. But silence and inaction in aid of fraud are conduct, as much as action and declaration to circumvent fraud are conduct. The fraud on the shareholder is admitted. There is no innocent holder of the original certificate. The company, in all fairness and good faith, owes it to the shareholder to do what it can to assist and to protect him, and collusion of the company's directors and managers to oppress the stockholder and keep him remediless, in effect makes them and the company parties to the fraud.

Defendants contend the action is one for rescission of the exchange of shares between Christopher Beneke and Gladys Smith. The petition affords no basis for this contention, but the contention is made the basis of a valiant defense of Gladys Smith, if the action were one against her for rescission on the ground of fraud. The petition was carefully drawn so it would not disclose on its face that relief was barred by the statute of limitations. Other contentions of defendants need not be discussed.

The judgment of the district court is affirmed.