No. 34,806

STELLA PHILLIPPI, *Appellant*, v. DR. W. L. SPEER, *Appellee*.

(103 P. 2d 777)

Opinion filed July 6, 1940.

A. A. *Bryan*, of Paola, and *Roy S. Lowe*, of Olathe, for the appellant.
Ben F. *Winchel*, of Osawatomie, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries alleged to have been sustained in an automobile casualty which resulted from defendant's negligence. The jury answered special questions and returned a general verdict for plaintiff for one dollar. Prior to the trial, and proceeding under G. S. 1935, 60-2936, defendant had served upon plaintiff's attorney a written offer to permit judgment to be taken in the sum of fifty dollars. The court rendered judgment in favor of plaintiff for the amount of the verdict and costs to the date of the offer mentioned. Plaintiff filed a motion for a new trial, which was considered by the court and overruled. The appeal is from the order of the court overruling the motion for a new trial. This limits the questions for review in this court to those involved in the motion for a new trial. (*Fidelity & Deposit Co. v. Hawkins Marble & Tile Co.*, 148 Kan. 744, 84 P. 2d 875.)

There is no abstract of the evidence, and neither the abstract nor the brief of appellant contains any assignment of error. The most we can do is to look at the motion for a new trial. The motion was upon the ground, *first,* of erroneous rulings and instructions of the court in this: While the jury was deliberating upon its verdict its foreman sent a note to the trial judge asking if the jury found negligence of defendant "in part" whether they might assess the court costs to him. The court replied in writing that any judgment which

the jury might assess against defendant would require him to pay the court costs. Appellant argues this was erroneous in view of the previous offer of defendant to confess judgment, concerning which the court had not been advised. It would not have been proper for the court to have said anything to the jury about this offer to confess judgment. The statute under which it was made specifically prohibits the consideration of such an offer during the trial. The answer the court gave the jury was correct as a matter of law. Whether the question should have been answered at all is not discussed in the brief. *Second*, that the verdict is "in part" contrary to the evidence and the findings of fact. Under this heading some of the findings are set out and discussed. Since the evidence is not before us, we cannot determine whether the trial court erred in its ruling on this point. *Third* and *fourth* related to alleged misconduct of defendant. There was an affidavit presented that at some time while the trial was in progress, but during a recess or intermission in the trial, defendant was seen talking for a few minutes with one of the jurors on the street. There was no attempted showing that there was any talk about the case. Apparently the trial court thought this was not a showing of such misconduct as required the setting aside of the verdict. We concur in this view. *Fifth*, the refusal of the court to give instructions requested. These are not set out in the abstract, neither is the evidence abstracted from which we could tell what instructions were proper. *Sixth*, that the verdict is contrary to the evidence. Again we are unable to pass on this point intelligently.

Judgments of trial courts are not reversed simply because a litigant is not satisfied. Appellant must show error of the trial court to his prejudice. No such showing is made here.

The judgment of the court below is affirmed.