WARREN BROWN and JOY M. BROWN, *Appellants,* v.
HEIM WOLBERG, *Appellee.*

(317 P. 2d 444)

Opinion filed November 9, 1957.

A. J. *Herrod,* of Kansas City, argued the cause and was on the briefs for the appellants.

*Robert H. Bingham,* of Kansas City, argued the cause, and *Arthur J. Stanley, Jr., J. E. Schroeder, Lee E. Weeks, Leonard O. Thomas, J. Donald Lysaught, Richard Millsap* and *Ervin G. Johnston,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action for rescission of an option agreement to purchase real estate and a deed given pursuant thereto, and to obtain a return of the purchase price and interest paid, together with taxes paid by plaintiffs during the years 1946 to 1949, both inclusive.

Numerous pleadings were filed by the parties, and the trial court ultimately sustained defendant's motion for judgment on the pleadings and opening statement. Plaintiffs have appealed.

The original petition was filed on September 26, 1951, and, in substance, it alleges that on or about June 18, 1946, plaintiffs entered into an option contract with defendant by the terms of which defendant agreed to sell, and plaintiffs agreed to purchase, certain described property in Kansas City for the sum of $850. This contract provided for a down payment of $150 and payments of $15 per month until the entire amount was paid, together with interest and taxes, at which time defendant was to execute a special war-

ranty deed to the property. Plaintiffs complied fully with the terms of the contract, and on April 25, 1950, defendant executed and delivered a deed to them.

It is further alleged that plaintiffs purchased the property for the purpose of constructing a building upon the southern end thereof, which fact was well known by defendant, and in order to construct the kind and character of building which plaintiffs desired to construct it was necessary that the property should contain at least 145 feet at the southern end thereof. The petition further alleges that the property is only 138.2 feet in width at the southern end, which is insufficient to enable plaintiffs to construct the kind and character of building desired; that such fact was known, or should have been known, by defendant, and that as a result thereof the property is of no value to plaintiffs. The prayer seeks recovery of the purchase price, together with interest and taxes paid by plaintiffs, and tenders back the deed to defendant.

On October 29, 1951, defendant demurred to the petition on the ground it did not state facts sufficient to constitute a cause of action. This demurrer was sustained on April 16, 1953.

On May 26, 1953, plaintiffs filed an amended petition containing substantially the same allegations as the petition, and in addition alleged that prior to and at the time they signed the option contract they informed defendant of the purpose for which they were purchasing the property; that defendant represented to them that the southern end of the property was 147 feet in width; that they relied upon such representations and did not discover its true width until on or about April 27, 1950, which was two days after they received the deed from defendant. The prayer was for rescission of the contract and deed, and that plaintiffs recover the purchase price, together with interest and taxes paid.

On July 27, 1953, defendant filed a motion to strike the amended petition. The grounds of such motion are not set out. On October 9, 1953, this motion to strike was sustained and plaintiffs were allowed twenty days in which to file a second amended petition. On December 14, 1954, some fourteen months later, plaintiffs filed a second amended petition containing substantially the same allegations as those of the amended petition and in addition charged defendant with fraudulent misrepresentations. The prayer sought recovery of actual and punitive damages.

On October 14, 1955, defendant filed a motion to strike the sec-

ond amended petition from the files and for judgment "to prevent further harassment by the plaintiffs." This motion was overruled, whereupon defendant filed a demurrer. This demurrer was sustained, and on December 5, 1955, plaintiffs filed their third amended petition which contained allegations similar to those of the original petition and, in addition, alleged that defendant was at all times mentioned therein a resident of Jackson County, Missouri; that plaintiffs did not discover the discrepancy in the width of the property until on or about April 27, 1951, and that plaintiffs had received no benefit from the property and had not occupied the same. Further on, it is alleged that plaintiffs did not discover the untruth of defendant's statements until they had fully paid for the property and had paid the taxes thereon, "which was about June, 1950." It further alleges a tender of the deed to defendant and demand on him for the return of the purchase price, interest and taxes paid by plaintiffs.

Defendant's motion to strike the third amended petition and a demurrer to that pleading were overruled, whereupon defendant filed an answer, which, after denying generally, alleged that plaintiffs entered into possession of the property on or about June 18, 1946; that at all times subsequent thereto they had full knowledge of the area described, and that plaintiffs' purported cause of action was barred by the applicable statute of limitations, and that defendant had been amenable to service of process in Wyandotte County at all times subsequent to June 18, 1946.

Plaintiffs filed a reply in which they denied affirmative allegations of the answer.

Most, if not all, of the proceedings heretofore referred to were had in division No. 4 of the district court, and on September 17, 1956, the case came on for trial in division No. 1.

Following the opening statement by plaintiffs' counsel, which was a general recital of the matters alleged in the various petitions filed, apparently defendant moved for judgment on the pleadings and opening statement, although the motion is not set out. Following discussion and argument the trial court ruled as follows:

"I am convinced that if there ever was a cause of action in this case it existed for the first two years after this transaction started—after the contract was made. When that time was up and the plaintiffs had a cause of action for fraud at that time but neglected to bring it, I think that ended his case right there. And the statute has probably run two or three times since. So I think he has waited too long. . . . Judgment for the defendant."

Plaintiffs have appealed and allege error in sustaining the demurrer to the original petition, in striking the amended petition, and in sustaining the motion for judgment on the pleadings and opening statement.

Due to the nature of the case and the somewhat confused state of the record presented, it is difficult to separate the various contentions made with respect to each of the rulings complained of as applied to the specific pleadings to which the various demurrers and motions were directed, but from the over-all record, and considering the trial court's ruling and the briefs of counsel, it is readily apparent that the real question in this case is whether plaintiffs' action was brought in time.

The thread of their argument appears to be that the original petition states a cause of action—that is, it was not barred by any statute of limitations, but if it was in any way defective the defect was cured by the allegations of their amended and third amended petitions under the rule of *Smith v. LaForge,* 170 Kan. 677, 228 P. 2d 509, to the effect that where a petition alleges a cause of action but does so imperfectly and with insufficient detail, and the additional allegations of an amended petition are only an enlargement and amplification of the averments of the original by setting out more definitely that which was previously imperfectly pleaded, and do not set up a new cause of action, the fact that the statute of limitations has run when the amended petition is filed is not a bar to recovery, for in such a case the amended petition relates back to the date of filing of the original one.

There is no question but that this action is one for rescission of the option contract and deed on account of the alleged fraud and misrepresentations on the part of defendant. The contract was entered into on June 18, 1946. By April 25, 1950, plaintiffs had fully performed by making the required payments, whereupon defendant executed and delivered to them the "special warranty deed," which, it is conceded, was nothing more than a quitclaim deed. The action was not commenced until September 26, 1951, and, as stated, defendant's demurrer to the petition was sustained. It was not until May 26, 1953, that the amended petition was filed, in which it was further alleged that plaintiffs did not discover the discrepancy in the width of the tract until on or about April 27, 1950. This amended petition was stricken. Then, after a lapse of fourteen months, plaintiffs filed their second amended petition sounding in

tort for actual and punitive damages by reason of the purported fraud. A demurrer to this pleading was sustained, whereupon the third amended petition was filed.

It is claimed by defendant that plaintiffs were in possession of the property continuously from on or about June 18, 1946, the date of the option contract. Plaintiffs do not deny the fact and merely state that they "had no benefit from the land and have not occupied the same." The fact plaintiffs paid the taxes on the property from the year 1946 on lends credence to the contention they were in possession during the period in question. Being in possession of the property, plaintiffs of course had the means and opportunity of knowing its dimensions and area.

In support of their position they also cite *McWilliams v. Barnes,* 172 Kan. 701, 242 P. 2d 1063, where it was held that a party defrauded in the making of a contract who discovers the fraud after having partly performed may continue with performance and also have his action for damages. We have no fault to find with that rule, but it simply is inapplicable to the question presented for the reason that here the petition, amended petition and third amended petition, were predicated, not on the theory of recovery of damages, but for *rescission.*

In our opinion the trial court correctly entered judgment for defendant.

In *Cleaves v. Thompson,* 122 Kan. 43, 251 Pac. 429, it was held that where a party desires to rescind a contract on the ground of fraud and misrepresentations he must, upon discovery of the facts, at once, or within a reasonable time, announce his purpose and adhere to it; that rescission is an equitable remedy; that where one with knowledge of facts entitling him to rescission of a contract, afterwards, without duress, ratifies it, he is not entitled to have it cancelled.

In *Turner v. Jarboe,* 151 Kan. 587, 100 P. 2d 675, it was said that it is a familiar rule of law that a person who has been duped into the making of a contract must act promptly and effectively in order to take advantage of his right to rescind; that once he has been apprised of sufficient facts to put him on inquiry as to whether he was a victim of misrepresentation or fraud which induced him to make the contract, he cannot let the matter drift, nor can he hesitate for long between two courses of action—one for rescission and another for damages; that the equitable remedy of rescission is open

only to the diligent; that the time within which an action for rescission may be commenced is governed by the matter of a plaintiff's diligence rather than by some provision of the statute of limitations, and that it must be commenced promptly or it will be demurrable.

In *Morse v. Kogle,* 162 Kan. 558, 178 P. 2d 275, it was held that one who seeks to rescind a contract on the grounds of fraud must do so with reasonable promptness after discovery of the fraud.

G. S. 1949, 60-306, *Third,* provides that a civil action other than for the recovery of real property, on the ground of fraud, must be brought within two years, such period to run from the discovery of the fraud.

Under either the "diligence rule" of the cited cases, or the provisions of the mentioned statute, plaintiffs' action had long since been barred when it was filed on September 26, 1951, and it was not error to sustain the demurrer to the original petition.

If the amended petition was stricken on the ground its allegations amounted merely to a repetition of those of the original petition, to which a demurrer had been sustained, the ruling was correct. (*Fidelity Hail Ins. Co. v. Anderson,* 172 Kan. 253, 239 P. 2d 830.) On the other hand, if it was stricken on the ground the purported cause of action alleged was barred by either the rule of "diligence" or the two-year statute of limitation, the ruling was likewise correct. This pleading, as stated, was not filed until May 26, 1953, which was over three years after it alleged that plaintiffs had first discovered the discrepancy in the width of the tract. So, in either event, assuming the amended petition did, for the first time, state a cause of action, it clearly was barred.

What has heretofore been said applies with equal force to the third amended petition and the action of the trial court in ultimately sustaining defendant's motion for judgment on the pleadings and opening statement. The action, as brought, was barred. All contentions advanced by plaintiffs have been examined and considered but are found to be without merit. No error has been made to appear and the judgment is therefore affirmed.