No. 43,869

Ellen Matson, *Appellee*, v. Roy Christy, *Appellant*.

(398 P. 2d 317)

Opinion filed January 23, 1965.

*Charles Rooney, Sr.*, of Topeka, argued the cause, and *Robert F. Galloway, Edward F. Wiegers* and *Keith W. Sprouse*, all of Marysville, were on the briefs for the appellant.

*Harold E. Doherty*, of Topeka, argued the cause, and *Ernest J. Rice* and *James E. Benfer*, both of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This action was brought to recover for personal injuries alleged to have been sustained in an automobile accident. The case was tried to a jury which returned a verdict for the plaintiff, and judgment was entered thereon. After his motion for a new trial was overruled, the defendant appealed. For the sake of clarity, the appellee, Ellen Matson, will hereafter be referred to as plaintiff, and the appellant, Roy Christy, as the defendant.

The plaintiff's evidence, although much of it was disputed, fairly showed the following: At the time of the collision, the plaintiff was a passenger in a car being driven by her husband, Reuben Matson. The evening was stormy, it was snowing a little bit, and the highway was slick in spots. As the Matson car was proceeding down a long hill, cars were observed at the bottom, one of which, it turned out, was driven by a man named Murray, who had stopped his car just short of a culvert being sanded by highway employees from a truck stopped on the culvert. On observing the cars, plaintiff's husband slowed down and applied the brakes, but because of the slippery pavement near the culvert, he was unable to stop entirely and struck the Murray car lightly. Some thirty

or sixty seconds later, the Matson car was struck from the rear by the defendant, Roy Christy, the impact pushing Matson's car into the rear of Murray's vehicle with considerable force, and causing plaintiff's injuries. Three occupants of the Matson car testified that Roy Christy's wife said, at the scene of the accident, that "Roy got excited and stepped on the accelerator instead of the brake."

Without attempting to detail the defendant's evidence, it may be said that he contended the accident, as to him, was unavoidable because he was unaware of the icy condition of the road, although he testified that he had first seen the Matson car when he was some seven or eight hundred feet away from it.

Six specifications of error are alleged: (1) That the court personally examined jurors on the *voir dire;* (2) that cross-examination of a defense expert witness was permitted before his direct examination was concluded; (3) the limiting of peremptory challenges; (4) refusal to give requested instructions; (5) the overruling of a demurrer to plaintiff's evidence; and (6) that the verdict was contrary to the evidence.

The matters of which the defendant complains in his first four specifications of error are clearly trial errors. (See *State v. Aeby,* 191 Kan. 333, 381 P. 2d 356.) Under long-established rules of appellate procedure applicable to this appeal, trial errors are not subject to appellate review unless the appeal is taken from the order overruling the motion for a new trial, and unless the order overruling the motion for a new trial is specified as error. (*Ogilvie v. Mangels,* 183 Kan. 733, 332 P. 2d 581; *Shelton v. Simpson,* 184 Kan. 270, 336 P. 2d 159.)

While the record reveals that the defendant did appeal from the order overruling his motion for a new trial, he does not include that ruling among his specifications of error, although we understand such failure is due to no fault of counsel who argued the appeal. Since the order overruling the motion for new trial is not specified as error, none of the trial errors contained in the defendant's first four specifications are properly here for review.

We turn next to consider whether the order overruling the defendant's demurrer to plaintiff's evidence is subject to review in this appeal. G. S. 1949, 60-3306, provides how an appeal is taken and what must be contained in the notice of appeal. So far as pertinent here, this statute reads:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court  .  .  ."

In the instant case, no appeal was taken from the court's order overruling the demurrer to the evidence. This appeal was perfected only from the order denying the defendant's motion for a new trial, for such is the only order set out in the notice of appeal, which reads as follows:

"Take notice that the undersigned, Roy Christy, does and has appealed from the order  .  .  .  whereby said court overruled defendant's Motion for New Trial."

In *Nicholas v. Latham*, 179 Kan. 348, 295 P. 2d 631, we held:

"When a notice of appeal particularly specifies the order of the trial court from which the appeal is made, but such notice does not include the ruling on a demurrer made during the trial, the order of the trial court overruling the demurrer is no part of the appeal and presents nothing for appellate review." (Syl. ¶ 1.)

See also *Phillippi v. Speer*, 152 Kan. 325, 103 P. 2d 777, where it was held that where the appeal is taken from an order of the court overruling a motion for new trial, the questions for appellate review are limited to those involved in the motion for new trial.

It is true we have held that where an appeal is taken from the judgment, we will examine whether or not error has been committed in overruling a demurrer to plaintiff's evidence. (*Drenning v. City of Topeka*, 148 Kan. 366, 81 P. 2d 720; *In re Estate of Peirano*, 155 Kan. 48, 122 P. 2d 772.) The difficulty in applying that rule to this case is that here no appeal was taken from the judgment. The fifth specification of error presents nothing for us to review.

Finally, the defendant complains that the verdict is contrary to the evidence. No good purpose would be served by detailing the evidence to any greater extent than has already been done. It is sufficient to say that the record has been carefully examined and, although the testimony was conflicting in some respects, the verdict, in our opinion, is amply supported by substantial competent evidence. Consequently, it may not be disturbed on appeal. (*Eisenring v. Kansas Turnpike Authority*, 183 Kan. 774, 332 P. 2d 539; *Kitchen v. Lasley Co.*, 186 Kan. 24, 348 P. 2d 588; *Blakey v. Zirkle*, 187 Kan. 562, 358 P. 2d 758.)

The judgment is affirmed.