No. 44,056

In the Matter of the Estate of Edna Charles Latshaw, Deceased, MARTHA JANE HUMPHREYS, *Appellant*, v. ROBERT W. LATSHAW, MARYLAND CASUALTY COMPANY, and WILLIAM G. GRAY, Successor Administrator, *Appellees*.

(402 P. 2d 823)

Opinion filed May 15, 1965.

*Walter J. Kennedy*, of Kansas City, Missouri, argued the cause, and *Roger T. Hurwitz*, of Kansas City, Missouri, and *John J. Gardner*, of Olathe, were with him on the briefs for the appellant.

*P. B. McAnany*, of Kansas City, argued the cause, and *Willard L. Phillips*, *Thos. M. Van Cleave, Jr.*, *James L. Lysaught* and *John J. Jurcyk, Jr.*, all of Kansas City, were with him on the briefs for the appellees.

The opinion of he court was delivered by

HATCHER, C.: This is an appeal from a judgment of a district court reversing an order of a probate court. The order of the probate court set aside an order of final settlement in the administration of a decedent's estate.

Edna Charles Latshaw died intestate on November 26, 1956, a resident of Johnson County, Kansas, and was survived by her husband, Robert W. Latshaw, and her daughter, Martha Jane Humphreys, nee Latshaw. On November 27, 1956, Robert W. Latshaw filed a petition for probate of the estate of Edna Charles Latshaw. He was appointed administrator on December 21, 1956, and gave bond as administrator in the penal sum of $169,000.00 with Maryland Casualty Company as surety. The inventory filed in the estate listed property appraised at an aggregate value of $153,457.44. On May 14, 1959, an assignment dated September 25, 1958, whereby Robert assigned all of his interest in the estate to Martha, was filed in the probate court. On May 21, 1959, Robert filed his Petition for Confirmation of his account as administrator of the estate.

On June 16, 1959, Martha filed a petition for partial distribution of the estate, and also filed her petition for discharge of her guardian *ad litem* alleging that she had attained the age of majority on the 1st day of March, 1957. On June 16, 1959, the probate court entered its order discharging Martha's guardian *ad litem* and also entered an order denying confirmation of the account of Robert as administrator with certain exceptions therein noted.

On June 30, 1959, Martha filed a release in the probate court releasing Robert, her father, and his corporate surety from liability to her for discrepancies which came to light by virtue of the accounting of the administrator and its denial by the probate court. This release was drawn by the attorney for the estate; was explained to Martha, and was executed by her in the office of the attorney before a notary.

On the 21st day of September, 1959, Martha petitioned the court for partial distribution. The order allowing partial distribution was entered on the same day with the additional order that the administrator pay all outstanding obligations and close the estate within thirty days. On November 2, 1959, Robert filed his petition for final settlement of the estate in the probate court. The petition was acknowledged before the probate judge. Attached to the petition was a waiver of accounting by the administrator signed by Robert and Martha, the sole heirs at law of Edna Charles Latshaw, and acknowledged before the probate judge. On December 9, 1959, after due notice to all interested parties, the probate court entered an order of final settlement in the estate.

Martha filed her petition to set aside the order of final settlement

and for other relief on August 16, 1961, in the Probate Court of Johnson County, Kansas. Proper service on the interested parties was obtained. As grounds for setting aside the order of final settlement the petition alleged:

". . . On the occasions of executing said documents petitioner did not know, and Latshaw fraudulently and with wrongful intent, and in violation of his fiduciary duty as administrator of the estate and father of petitioner, concealed from her the following facts: that he had failed to properly discharge his trust as administrator of the estate, including a proper accounting for all monies and properties coming into his possession as such administrator; that, without the authorization of the court, he had withdrawn funds from the estate; that without the authorization of the court, he had converted certain assets to cash; that without the authorization of the court, he had made numerous other disbursements of the funds of the estate; and that the court had made and entered an Order Denying Confirmation of his account as administrator."

The district court made findings of fact and conclusions of law in which it found against the petitioner and concluded:

"The Release filed on June 30, 1959 was effective to release the Administrator and his surety for discrepancies which had taken place prior to that date, and the Waiver and Release signed on November 2d was effective to waive an accounting and release the Administrator and the surety for discrepancies occurring prior to the Order of December the 9th, 1959.

"The Order of October 9, 1962 should be reversed insofar as it sets aside and renders void the Final Settlement entered by the Probate Court on December 15, 1959."

The petitioner has appealed.

Appellant contends that the trial court's findings are clearly erroneous in their failure to find that the appellee, Robert W. Latshaw, obtained the order of final settlement by extrinsic fraud. Appellant alleged in her petition that the appellee, Latshaw, was guilty of actual fraud in obtaining the release and the waiver of accounting. The actual fraud consisted of concealment from the appellant, with wrongful and fraudulent intent, the fact that he had converted certain assets to cash and withdrawn funds from the estate without authorization of the court. That such concealment would constitute actual fraud is not disputed. (*Beneke v. Bankers Mortgage Co.,* 135 Kan. 444, 10 P. 2d 825; *Larrick v. Jacobson,* 139 Kan. 522, 32 P. 2d 204; *Jenkins v. McCormick,* 184 Kan. 842, 339 P. 2d 8.)

However, the district court found contrary to appellant's contentions. It specifically found:

"The Court finds that Martha J. Latshaw was present at the hearing for the confirmation of the account and was duly informed that the confirmation was denied for the reason that the Administrator had paid certain claims which had

not been allowed by the Court and had made large and substantial withdrawals from the estate to his personal account and to the joint account of Robert W. Latshaw and Martha J. Latshaw, without authorization by the Court. And for the further reason that certain assets of the estate had been disposed of without authorization of the Court.

"The Court further finds that Martha J. Latshaw was aware at this time of what the money withdrawn from the estate was being used for and that she affirmatively acquiesced in her father's representation that the estate belonged to them, the Latshaws, and that they should be able to do with it as they saw fit.

"On June 30, 1959, Martha Jane Latshaw filed her Release in the Probate Court, releasing her father and his corporate surety from liability to her for discrepancies which had come to light by virtue of the accounting of the Administrator and its denial by the Probate Court. This Release was drawn by Elmer Hoge, the attorney for the estate and was explained to the said Martha J. Humphreys and was executed by her in the office of said Elmer Hoge before a Notary."

It would serve no useful purpose to review the somewhat lengthy testimony presented in the record. It should suffice to say that, even though conflicting, there was substantial competent evidence to support the trial court's findings, and that the findings were contrary to the existence of actual fraud as alleged in appellant's petition.

There was evidence that the appellant was informed at the time, or soon thereafter, when funds were withdrawn from the estate by her father who was serving as administrator, and that she participated in the use of the withdrawn funds through a joint bank account, joint investments in securities and joint trading agreements.

This court will not weigh conflicting evidence on appeal but will examine the record only for the purpose of determining whether there is substantial and competent evidence to support the findings and judgment. (*Nichols Co. v. Meredith*, 192 Kan. 648, 391 P. 2d 136; *Preston v. Preston*, 193 Kan. 379, 394 P. 2d 43; *Matson v. Christy*, 194 Kan. 174, 398 P. 2d 317.)

Actual fraud is never presumed but must be established by clear and convincing evidence. (*Goetz v. Goetz*, 180 Kan. 569, 306 P. 2d 167; *Hoch v. Hoch*, 187 Kan. 730, 359 P. 2d 839.) The burden of proving actual fraud is upon the party asserting it. (*McWilliams v. Barnes*, 172 Kan. 701, 242 P. 2d 1063; *In re Estate of Anderson*, 175 Kan. 18, 259 P. 2d 180; *Jones v. Coate*, 180 Kan. 597, 306 P. 2d 148.)

It appears that the appellant would now attempt to shift the burden of proof by claiming constructive rather than actual fraud and rely on the absence of consideration. Appellant contends that the appellee, Latshaw, stood in a fiduciary relationship with the appellant, and that where there is an abuse of a confidential or fiduciary relationship the absence of consideration raises a presumption of fraud and the burden is on the person receiving the benefit to show the absence of undue advantage or over-reaching.

Appellees challenge the sufficiency of the petition to support this contention. They call our attention to the rule of this court that when fraud is pleaded there must be a specific statement of facts constituting the alleged fraud. (*Bank of Pleasanton v. Howard*, 131 Kan. 616, 293 Pac. 407.) They also call our attention to the rule announced in *First National Bank v. Mense*, 135 Kan. 143, 10 P. 2d 19, as follows:

"Rule followed that one who pleads certain alleged fraudulent acts as a defense to an obligation which he had executed is bound by his pleadings and cannot upon trial avail himself of other facts not pleaded." (Syl. 1.)

Although we adhere to the above rule we do not find occasion to apply it in this controversy. Presumptive or constructive fraud will not support the relief requested.

Appellant seeks to set aside a judgment of a probate court. The probate code, K. S. A. 59-2213, provides for the control of judgments as follows:

". . . The court shall have control of its orders, judgments, and decrees for thirty days after the date of the rendition thereof. Thereafter such orders, judgments, and decrees may be vacated or modified as provided by section 605 of the code of civil procedure."

The order of final settlement which the appellant would have set aside was filed the 9th day of December, 1959. The petition to set aside the order of final settlement was not filed until sometime in August, 1961. The thirty day period having expired we must look to the code of civil procedure for the relief available to appellant, if any. Appellant concedes that she must rely on the provision of G. S. 1949, 60-3007 which provides, insofar as material here, as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

. . . . . . . . . . . . .

"*Fourth.* For fraud, practiced by the successful party, in obtaining the judgment or order."

However, fraud which will support a petition to set aside a judgment under the above provision must be actual. Constructive fraud is not sufficient. In *Wagner v. Beadle*, 82 Kan. 468, 108 Pac. 859, it was held:

"The fraud for which a judgment may be set aside must be actual fraud, involving intentional wrong, as distinguished from legal or constructive fraud." (Syl. 1.)

It was stated beginning on page 470 of the opinion:

". . . But we need not now determine whether one who has had no actual notice of the pendency of an action against him may attack the judgment for fraud in a matter directly involved therein. Assuming such to be the case, the appellant can derive no benefit from the principle, for he has failed to bring himself within its operation. The fraud for which a judgment may be set aside by action must be of the same kind referred to in the statute (Code 1909, § 596, subdiv. 4) permitting such relief on motion, of which it was said in *Laithe v. McDonald*, 7 Kan. 254:

" 'The word "fraud" in this statute is used in its common, direct sense. It means "fraud in fact," not "fraud in law." It embraces only intentional wrong —those acts done by the successful party with a knowledge of their criminality, and with the purpose of thereby depriving his adversary of some right.' (Page 264.)"

The constructive fraud which appellant would now have us consider as a basis for setting aside the judgment of final settlement is presumptive fraud arising from the relationship of the parties to a transaction or from the circumstances under which it takes place, so that when the relationship or circumstances are established the burden shifts to the one receiving the benefit to prove himself free of over-reaching or fraud. This type of fraud will not support the relief requested by appellant.

We are constrained to hold that the trial court properly concluded that appellant's evidence did not support her claim of fraud justifying relief under the provisions of G. S. 1949, 60-3007 *Fourth*.

Judgment is affirmed.

APPROVED BY THE COURT.