No. 44,521

M & B Drilling Company, Inc., a Corporation, *Appellant,* v. A. D. Campbell and Ava Campbell, *Appellees,* and B. W. Klippel and Alleen P. Klippel, *Defendants.*

(416 P. 2d 777)

July 14, 1966.                                    Opinion filed

*Thomas A. Wood,* of Wichita, argued the cause, and *Kenneth H. Foust* and *John O. Foust,* of Iola, and *Paul V. Smith, Douglas E. Shay, William C. Farmer, Leo R. Wetta, James R. Schaefer* and *Larry L. Witherspoon,* all of Wichita, were with him on the briefs for the appellant.

*Charles H. Apt,* of Iola, argued the cause, and *Frederick G. Apt, Jr.,* of Iola, was with him on the briefs for the appellees.

*Harold H. Malone,* of Wichita, was on the briefs for the defendants.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from an order of the district court refusing to open a judgment cancelling an oil and gas lease. The judgment was rendered at the day of trial without any appearance on the part of the lessee.

The only issue before us is whether there was sufficient evidence to support the trial court's finding that notice was properly given the lessee's attorney of record of the time set for the trial of the action to cancel the lease.

On October 2, 1962, the appellees, owners of an eighty acre tract in Allen County, Kansas, brought an action against the NAKO Corporation to cancel an oil and gas lease which it had acquired on the tract by various intermediate assignments. The Klippels, owners of an overriding royalty, and two lienholders of record with whom

we are not presently concerned, were made parties. An answer was filed on behalf of NAKO Corporation by their attorney, Mr. John Sherman.

The case was called for trial on February 15, 1963, and in the absence of any appearance for NAKO Corporation judgment was granted cancelling the lease.

In the meantime the NAKO Corporation was placed in bankruptcy and on October 4, 1963, the ancillary receiver sold certain property, including all of the interest of NAKO Corporation in the oil and gas lease in controversy, to M & B Drilling Co., Inc.

On April 17, 1964, some fourteen months after the judgment was rendered, the plaintiff, the M & B Drilling Company, brought an independent action to have the judgment cancelling the lease set aside for lack of notice of the hearing. At the trial of this action the only issue of fact considered was whether or not NAKO Corporation or its attorney had timely notice of the trial in the action to cancel the lease. After hearing considerable evidence the trial court found in addition to the facts we have stated the following:

"The judgment in question was rendered on February 15, 1963. Subsequently, on May 6, 1963, the receiver for NAKO Corporation brought an action in the District Court of Allen County, Kansas, No. 23182, to have the judgment of cancellation set aside. The reason asserted in the receiver's petition was that NAKO Corporation was insolvent at the time the Campbell case was set for trial, had been unable to pay its attorney, and that by reason of such fact which is described in that petition as 'an unavoidable casualty' the defendant was prevented from defending the action. The receiver made no claim in that case that NAKO Corporation had not had notice of the time of trial. The Court takes judicial notice of the allegations of the receiver's petition in Action No. 23182.

"Subsequently, on July 23, 1963, the receiver in Action No. 23182 filed its dismissal of that action 'with prejudice.'

.    .    .    .    .    .    .    .    .    .    .    .    . .

"The Court has considered all of the evidence produced at the trial on the sole question of whether Mr. Sherman as attorney of record, had notice of the setting of the case for trial. The Court finds that he did have actual notice of such setting. The case had been called at the call of the docket on the first day of the January Term a month before, following which the court reporter mailed out to counsel in all cases placed on the trial calendar a copy of the case settings. The Court finds that a copy of this calendar went to Mr. Sherman who was the attorney of record for the defendant.    .    .    .

.    .    .    .    .    .    .    .    .    .    .    .    .

"This finding of the court is certainly strengthened by the fact that the receiver in representing NAKO Corporation, by whose conduct the present plaintiff is bound, did not raise the question of lack of notice, and it is further strengthened by all of the intervening developments in this case, including

the sales of personal property and the long delay of fourteen months in asserting any claim with respect to the propriety of the judgment.

"The fact that the lien claimants who had intervened in the case did not appear at the time of the trial is of little consequence in view of the fact that their claims are not contested."

Judgment was rendered in favor of the defendants and the plaintiff has appealed.

In considering the question before us we are bound by our universal rule that if findings are supported by substantial competent evidence they will not be disturbed on appeal and this court will not weigh conflicting evidence but will examine the record only for the purpose of determining whether there is substantial competent evidence to support the judgment. (*Nichols Co. v. Meredith,* 192 Kan. 648, 391 P. 2d 136; *Preston v. Preston,* 193 Kan. 379, 394 P. 2d 43; *Matson v. Christy,* 194 Kan. 174, 398 P. 2d 317; *In re Estate of Latshaw,* 194 Kan. 747, 402 P. 2d 323; *Diefenbach v. State Highway Commission,* 195 Kan. 445, 407 P. 2d 228.) This is true even though the record discloses some evidence which might have warranted the trial court making findings to the contrary. (*Wood v. Board of County Commissioners,* 181 Kan. 76, 309 P. 2d 671; *Shotzman v. Ward,* 172 Kan. 272, 239 P. 2d 935.)

Appellant states:

"There was no conflict in the evidence in this case. There was no evidence that notice of the trial of Case No. 23071 on February 15, 1963, was ever mailed to John Sherman, and no evidence that such a notice was ever received by him."

It might be said that there was no positive evidence that notice of the trial was or was not received by John Sherman. The burden of proof was on the appellant, the moving party, to satisfy the court that its attorney of record had not received notice of the trial.

John Sherman, the attorney of record, testified that prior to February 15, 1963, he notified the officers of NAKO Comporation that he would not represent them and they would have to get other counsel. We quote part of his testimony:

"Q. I will ask you, do you have any recollection of having received a notice that that case was set for trial on that day, or any other date?

"A. That was approximately a year and a half ago, and I have no recollection either way of receiving a notice or not receiving a notice.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. Do you recall on February 18, 1963, a letter addressed to you by me advising you that the matter was tried to the court on February 15th, and I enclosed a copy of the journal entry in that matter?

"A. I have no recollection of such, but I have seen such a letter.

"Q. If you received such a letter, would it be your normal custom to forward this information on to NAKO?

"A. Either to the office of NAKO, or to the attorneys that were representing them in Wichita at that time.

. . . . . . . . . . . . .

"A. Yes. As I say, after I withdrew from the case, as anything that came in in connection with those people, I either forwarded it to Mr. Klippel or to, I think his name was Shell, a lawyer in Wichita."

Mr. Shell stated by affidavit that he was contacted but he and his firm decided not to represent NAKO Corporation. He received from John Sherman an envelope enclosing a letter from Charles H. Apt with a copy of the journal entry which he mailed to B. W. Klippel, an officer of NAKO Corporation. He received no notice that the action to cancel the lease was set for trial.

The court reporter testified:

"Q. In January of 1963, sometime subsequent to January 8th, which was the opening day of the January term of court, did you prepare at the direction of the Court a calendar or typographical paper reflecting the date, time when certain matters are to be tried to the court, either before a jury or before the Court?

"A. I did.

. . . . . . . . . . . . .

"Q. Are you charged with the responsibility of mailing these particular notices?

"A. I was charged with the responsibility of preparing and placing the calendar of cases in the envelopes, and after sealing the envelopes they were turned over to the Clerk of the District Court for mailing.

"Q. This was your practice in January of 1963?

"A. It was.

. . . . . . . . . . . . .

"Q. Your testimony is to the general effect that it was your custom to send out notice to all attorneys who had cases here, and you have no reason to think that you did not send notice to Mr. Sherman; is that about the substance of it?

"A. That is correct.

These facts, coupled with the finding of the court first quoted and which is not disputed, formed a sufficient basis for a conclusion that it was indifference because of financial difficulties rather than lack of notice which caused the default in appearance for trial.

The judgment is affirmed.

APPROVED BY THE COURT.

FATZER and FONTRON, JJ., dissent from the holding in paragraph No. 2 of the Syllabus and the corresponding portion of the opinion.