No. 44,672

EUGENE FRANKLYN ROBINSON, *Appellant,* v. STATE OF
KANSAS, *Appellee.*

(426 P. 2d 95)

Opinion filed
April 8, 1967.

*Eugene C. Riling,* of Lawrence, argued the cause and was on the brief
for the appellant.

*Daniel A. Young,* County Attorney, argued the cause, and *Robert C. Londer-
holm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The plaintiff, or movant, Eugene Franklyn Rob-
inson, filed a motion in the Douglas County District Court seek-
ing relief under K. S. A. 60-1507. Upon receipt of this motion,
the trial court properly appointed counsel for the plaintiff and,
in the exercise of sound judgment, set the matter for pretrial con-
ference. At the conference, issues were defined and the court
determined that issues of fact were involved which required an
evidentiary hearing with the plaintiff in attendance.

A hearing was thereafter held at which the plaintiff was per-
sonally present and was represented by appointed counsel. Both

the plaintiff and the state introduced evidence, after which the trial court made comprehensive and detailed findings of fact and conclusions of law.

As found by the trial court, the facts are not complicated. In early September, 1962, plaintiff was arrested in Topeka, Kansas and a few days thereafter was taken to Lawrence, where he was charged with burglary and larceny. While plaintiff was confined in the Topeka jail, the Douglas County sheriff attempted to interrogate him but was unable to do so because of plaintiff's drowsiness. Prior to being removed to Lawrence and before appearing in the County Court of Douglas County, the plaintiff conferred with a Topeka attorney, Robert B. Nelson.

The plaintiff was not accompanied by counsel when he waived preliminary examination in the County Court but he made no request for any continuance. Thereafter, the plaintiff was released on bond and on November 9, 1962, he appeared in the district court with Mr. Nelson, where he entered a plea of not guilty and his case was continued to the February, 1963, term of court. At the call of the docket on February 4, 1963, being the opening day of the term, Mr. Nelson appeared and informed the court that he could not locate the plaintiff. Nelson was then given until February 8, 1963, to produce his client, failing which the plaintiff's bond was to be forfeited.

On February 8, 1963, when plaintiff's case was called for trial, neither the plaintiff nor his attorney appeared. The bond given for plaintiff's appearance was thereupon declared forfeited and a bench warrant was issued. Ultimately, plaintiff was located in Oregon and was returned to Kansas in early April, 1963. On April 5, 1963, upon being advised that Mr. Nelson no longer represented plaintiff, the trial court appointed Mr. Byron E. Springer as counsel. Trial was set for April 15, 1963, at which time plaintiff appeared with his appointed counsel, withdrew his plea of not guilty and entered a plea of guilty to second degree burglary. The larceny charge was dismissed upon motion of the state and sentence was deferred pending a pre-sentence investigation.

On April 22, 1963, plaintiff again appeared in court with his counsel and was sentenced to the Kansas State Penitentiary. An application for probation was denied because plaintiff was currently on parole from a prior commitment.

The plaintiff presents four specific contentions:

1. That he was not advised by court appointed counsel concerning the charge to which he pleaded guilty and the punishment therefor.

2. That he was not advised by the county judge as to his right to preliminary hearing.

3. That his plea of guilty was obtained with the understanding that the county attorney would not stand in the way of a parole and that he had a good chance of parole.

4. That his interrogation by the Douglas County sheriff violated his constitutional rights and that his being held in the Douglas County jail without the right to see anyone was intended to produce his plea of guilty.

The short and sufficient answer to the first contention is that the trial court, on substantial, competent evidence, simply found against the plaintiff. The same answer applies to his third contention, as well. It is our invariable rule that findings which are supported by substantial, competent evidence will not be disturbed or set aside on appeal. (*Matson v. Christy*, 194 Kan. 174, 398 P. 2d 317; *State v. Shaw*, 195 Kan. 677, 408 P. 2d 650; *M & B Drilling Co. v. Campbell*, 197 Kan. 323, 416 P. 2d. 777.)

In connection with the second claim of error, the trial court found that the complaint against the plaintiff was read in County Court, and that his rights to a preliminary hearing were fully explained. Although we find no testimony in the record before us to support that finding, the plaintiff's testimony that his rights were not explained remains wholly uncorroborated. Rule No. 121 (g) provides that the uncorroborated statements of a movant proceeding under K. S. A. 60-1507 are insufficient to sustain the burden of proof. Moreover, it is presumed, in law, that a public officer will faithfully perform his duty. (*Call v. State*, 195 Kan. 688. 408 P. 2d 668.) In addition, this court has held many times that where an accused enters a plea of guilty on arraignment, as did the movant in this case, irregularities claimed to have inhered in the preliminary examination are deemed to have been waived. (*Smith v. State*, 196 Kan. 438, 411 P. 2d 663; *State v. McCarther*, 196 Kan. 665, 414 P. 2d 59; *State v. Baier*, 194 Kan. 517, 399 P. 2d 559).

Turning to plaintiff's fourth contention, the trial court found that the Douglas County sheriff tried to visit with plaintiff in the Topeka jail but that plaintiff was too sleepy to talk. This is borne out by the record. Consequently, no constitutional rights of the plaintiff can be said to have been violated by the attempted conversation and no prejudice is shown to have resulted therefrom. The federal cases cited by plaintiff are not in point.

As to the complaint that plaintiff was denied visitors while in jail, the trial court found, on substantial evidence, that the sheriff, by rule, limited visitors to relatives of the prisoners and that their visits were limited to Sundays. These rules were enforced as to all prisoners—not against the plaintiff, alone.

A Kansas sheriff, by statute, has charge and custody of the jail and of the prisoners confined therein (K. S. A. 19-811) and is held responsible for the manner in which the jail is kept (K. S. A. 19-1903). We believe he has the right, as well as a duty, to set reasonable regulations for the operation of the jail and the conduct of his prisoners. A rule restricting visits to certain weekdays and limiting visitors to members of a prisoner's family appears to be reasonable and not an infringement upon any constitutional right.

Furthermore, the record indicates that the only person attempting to visit plaintiff was a Mrs. Avery. From her testimony it appears that she went to the jail only once, on a Wednesday, at which time she was unable to see Robinson. It also appears from her own statement that she had been informed over the phone that she could visit with plaintiff on certain given dates. There is no merit in the movant's fourth point.

Plaintiff also complains that he was charged and sentenced as Eugene Frank Robinson whereas his correct middle name was Franklyn. This discrepancy, which was not called to the trial court's attention at the time of sentencing, would in nowise invalidate the sentence. Plaintiff does not contend that he is anyone other than the Eugene Frank Robinson who entered his plea of guilty and was sentenced by the court. This contention is entirely frivolous.

No error is made to appear and the judgment is affirmed.