Steven W. Hirsch Oberlin City Attorney 124 South Penn Oberlin, Kansas 67749
Dear Mr. Hirsch:
You ask our opinion as to whether the Decatur County Sheriff is required to comply with an order of the Oberlin Municipal Court that specifies that a jail sentence for a prisoner be served in one-day increments. You have informed us of a dispute between the Decatur County Sheriff and the Municipal Court of the City of Oberlin over the housing of a prisoner in the Decatur County Jail. You indicate that the City of Oberlin contracts with Decatur County to provide jail facilities for persons convicted in the Oberlin Municipal Court. A defendant was sentenced by the Court to serve six Sundays in jail. The reason for serving the sentence one day at a time was to allow the defendant to continue his employment on Monday through Saturday to earn money to pay his fines. The Decatur County Sheriff, claiming an unwritten jail policy that requires prisoners to serve their sentences on consecutive days, objected to the defendant serving six separate days.
Kansas statutes prescribe the duties and responsibilities of a sheriff concerning prisoners committed to the sheriff's charge. K.S.A. 19-811
provides as follows:
 "The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable."
K.S.A. 19-1930 requires the following:
 "The sheriff or the keeper of the jail in any county of the state shall receive all prisoners committed to the sheriff's or jailer's custody by the authority of any city located in such county and shall keep them safely in the same manner as prisoners of the county until discharged in accordance with law. . . ."
Additionally, K.S.A. 22-3427 requires a sheriff to confine persons convicted of a violation of any law of the state "in accordance with the sentence." Because, pursuant to K.S.A. 19-1930, the sheriff is required to keep city prisoners "in the same manner as prisoners of the county," the requirements of K.S.A. 22-3427 would extend to a person convicted by the authority of any city who is committed to the sheriff's custody.
Although we found no cases regarding the specific issue you raise, the Kansas Supreme Court has addressed a sheriff's duties under K.S.A. 19-811
and 19-1930. The Court determined that a sheriff has a duty to set reasonable regulations for the operation of the jail and the conduct of his prisoners, and may place reasonable restrictions on prisoners' visitors.[1] Attorney General Opinion No. 95-70 concluded that a district court may not intrude on a sheriff's duty to operate the jail by issuing an order that precludes the sheriff from transferring a defendant to another jail to alleviate overcrowding.
While a sheriff has the statutory charge and custody of the jail and prisoners housed therein, we find no authority for a sheriff to modify a prisoner's sentence by changing a court's order that the sentence be served on specific days. In a habeas corpus proceeding by a prisoner against a sheriff, the Kansas Supreme Court discussed a sheriff's duty to execute a prisoner's sentence, and concluded that:
 "The duty of an officer in executing the mandate of a judicial order in the nature of a commitment is purely ministerial and his power with respect thereto is limited and restricted to compliance with its terms."[2]
The Court quoted that language again in State ex rel. Ferguson v.Robinson[3] in deciding whether a sheriff's actions in allowing a prisoner to leave the confines of the jail and spend the nights at home unsupervised constituted willful misconduct and willful neglect of duty subjecting the sheriff to ouster. The Court in Ferguson reasoned that:
 "[T]he provisions of our statutes permit no doubt that the law enjoins upon one who has assumed the heavy responsibilities of a sheriff, the solemn and inescapable obligation of confining all prisoners who are committed to his case in strict accordance with the commands of the commitments under which they are received. It is the bounden duty of such an officer to execute with fidelity the sentences of the prisoners committed to his keeping."[4]
The Court concluded that the sheriff's actions "conflict[ed] with his statutory duty to execute the court's order and to carry out the punishment imposed."[5]
While recognizing that the sheriff has the charge and custody of the jail and the prisoners housed therein, we find no authority that would permit the sheriff, in carrying out those statutory duties, to change or modify the provisions of a court's sentence. Under the facts you describe, the Oberlin Municipal Court's reason for ordering that the sentence be served on the prisoner's days off work was to allow him to continue his employment and earn money to pay his fines. Therefore, we opine that the Decatur County Sheriff is required to comply with the Oberlin Municipal Court's order that the jail sentence be served in one-day increments.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Robinson v. State, 198 Kan. 543, 546 (1967).
[2] Whalen v. Cristell, 161 Kan. 747, Syl. ¶ 4 (1946).
[3] 193 Kan. 480, 484 (1964).
[4] Id.
[5] Id. at 485.