No. 44,414

In the Matter of the Condemnation Proceeding of the City of Salina, Kansas. NELLIE WHITE NEWCOMB, ARTINA WHITE SCHWARTZ and VERNA WHITE MCKELVEY, *Appellants,* v. F. J. BRETTLE and C. L. CLARK, *Appellees.*

(413 P. 2d 116)

Opinion filed April 9, 1966.

*Robert L. Marietta,* of Salina, argued the cause and was on the briefs for the appellants.

*Drew Hartnett,* of Salina, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from a controversy over the terms of an oral agreement for a contingent fee for services rendered by attorneys in an appeal from a condemnation award.

In April, 1958, the City of Salina, Kansas condemned a parcel of land jointly owned by Nellie White Newcomb, Artina White Schwartz and Verna White McKelvey. The award fixed by court appointed appraisers was in the total amount of $17,856.00 for the land taken and for damages.

The landowners were dissatisfied with the amount of the award and retained C. L. Clark and F. J. Brettle to represent them in the proceedings on appeal. Both Clark and Brettle were practicing

attorneys in Salina, Kansas but in different firms. The negotiations for employment of the two attorneys was carried on by John M. Schwartz, the husband of one of the landowners, and a practicing attorney in Los Angeles, California. The appeal was heard by a referee who allowed compensation to the landowners in the amount of $23,866.00, with interest at 6% per annum. The interest amounted to $2,836.07. There were expenses in the amount of $1,102.23 and referee's fee due from appellants in the amount of $225.00.

A dispute arose over the amount of the fee due the attorneys for prosecuting the appeal from the appraisers' award. The attorneys filed a lien for fees. The prosecution of the attorneys' lien resulted in the judgment now before us for review.

The attorneys based their claim of a lien for fees in the amount of $2,506.28 upon an alleged contract with defendants for a fee of one-third of all receipts of money, including all interest on the final award of compensation over and above the amount of the original appraisers' award, less the amount of expenses incurred by reason of the appeal. The landowners objected to the inclusion of interest in the base upon which the one-third contingent fee was to be paid, and contend that the fee contract provided for compensation to the claimants in an amount equal to one-third of the increase in the award, exclusive of interest, less the expenses of the appeal.

The amount in controversy appears to be one-third of the interest paid or $945.35.

The trial court, having heard the evidence, made detailed findings of fact on which it concluded:

"Claimants and defendants, by the actions indicated in these findings, entered into an oral contract for representation of defendants by claimants in the prosecution of the appeal, and said contract provided for the payment of a fee equal to one-third of all receipts of money as a result of the appeal over and above the amount of the original appraisers award, including all interest received on the compensation paid to defendants by the condemner, after deducting therefrom the expenses of prosecuting said appeal, and said contract further provided that, in the event the said increased receipts were insufficient to cover said expenses, said expenses would be borne by the defendants."

The landowners have appealed. Although they specify several points for reversal, their contentions are nothing more than a direct challenge of the sufficiency of the evidence to support the findings of the trial court as to the fee contract.

Appellants state:

". . . What the appellants seek to make clear is that they contend that

the attorneys' evidence, taking it together, is so vague, vacillating, inconsistent, and contrary to undisputed facts that it cannot, as a matter of law, be considered substantial even though a part thereof, if isolated, tends to support the findings appealed from. . . "

We cannot agree with appellants' contention. In *Curry v. Stewart*, 189 Kan. 153, 368 P. 2d 297, we approved our previous definition of substantial evidence stating:

"In *Weimer v. Sauder Tank Co.*, 184 Kan. 422, 425, 337 P. 2d 672, it was said that the term 'substantial evidence,' when applied by this court, means evidence possessing something of substance and relevant consequence, and which furnishes substantial basis of fact from which the issues tendered reasonably can be resolved. (See also *In re Estate of Harris*, 166 Kan. 368, 201 P. 2d 1062, and *Barr v. Builders, Inc.*, 179 Kan. 617, 619, 296 P. 2d 1106.)" (P. 156.)

The record contains positive testimony as to the terms of the agreement for the attorneys' fee. Mr. C. L. Clark testifying as to his conversation with Mr. Schwartz who was representing the appellants in negotiating for the service of the attorneys stated:

"Q. And did he inquire of you as to what your fee for such services would be?

"A. Yes, he did, either the first or second time, asked on what basis we handled these condemnation appeals.

"Q. Did you tell him what your basis was?

"A. I did.

"Q. And what was that?

"A. That we charged one-third of all receipts of money over the original award, after deducting the expenses, with the proviso that if the increase was not adequate to cover the expense, the expense deficit would be at the cost of the landowner.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. Now, was there anything said at that time about F. J. Brettle, an attorney of Salina, Kansas.

"A. Yes. Mr. Schwartz advised me that Mr. Brettle had been the family attorney and asked if I had any objection to associating with him in the proceedings, and I told him certainly not."

It is true that the above testimony was disputed but it is not within the province of this court to weigh conflicting testimony. As has been stated on many occasions:

"This court will not weigh conflicting evidence on appeal but will examine the record only for the purpose of determining whether there is substantial and competent evidence to support the findings and judgment. (*Nichols Co. v. Meredith*, 192 Kan. 648, 391 P. 2d 136; *Preston v. Preston*, 193 Kan. 379, 394 P. 2d 43; *Matson v. Christy*, 194 Kan. 174, 398 P. 2d 317.)" (*In re Estate of Latshaw*, 194 Kan. 747, 750, 402 P. 2d 323.)

We find no merit in appellants' further contention that the agree-

ment for the attorneys' fee as found by the trial court was contrary to law and good conscience.

The trial court found that the fee contract negotiated by Mr. Clark and Mr. Schwartz "provided for a reasonable contingent fee under all of the circumstances."

Considerable latitude must be allowed the parties in negotiating the basis for a contingent fee. What is reasonable depends upon the facts and circumstances of each case. We find the general rule stated in 7 C. J. S., Attorney and Client, § 186, p. 1065, as follows:

"The test is the fairness and reasonableness of the contract as applied to the client; and the question depends upon the circumstances of each case. The words 'unjust or unconscionable,' as applied to these contracts mean nothing more than that the amount of the fee contracted for, standing alone and unexplained, would be sufficient to show that an unfair advantage had been taken of the client, or that a legal fraud had been perpetrated upon him. To be unconscionable the contract must be such as no man in his senses and not under a delusion would make on the one hand, and no honest and fair man would accept on the other. . . ."

There would have been no interest under the law as it existed at the time the land was condemned had not the attorneys been sucessful in increasing the award.

A careful examination of the record discloses no reason for disturbing the judgment of the trial court.

The judgment is affirmed.

APPROVED BY THE COURT.