No. 44,854

Dwight Sherbert, *Appellee,* v. Henry Mall, *Appellant.*

(434 P. 2d 549)

Opinion filed December 9, 1967.

*John Berglund,* of Clay Center, argued the cause, and was on the brief for appellant.

*Bruce H. Wingerd,* of Clay Center, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: This is an appeal in an action on an oral contract. The jury rendered a verdict for $1,500 in favor of plaintiff and judgment was entered thereon. The defendant Henry Mall appeals from the verdict and judgment.

Defendant-appellant assigns two errors in his statement of points. In his brief he states:

"The point which the appellant relies upon is that the verdict and decision of the lower court is not supported by the evidence as the evidence supported an agreement for $1,000.00, and the jury rendered a verdict in amount of $1,500.00 against the appellant.

"Point No. 2 is abandoned."

We thus have but one point left to decide.

A pre-trial stipulation was signed by the parties in which they agreed as follows:

"Parties agree that this is a contract matter, that the action is timely brought and involves the law of oral contracts and the only issues to be determined are questions of fact."

The plaintiff sued for $2,500. This amount represented the value of a one-half interest in a certain tractor which gave rise to plaintiff's claim. The defendant testified plaintiff had only a $1,000 interest in the tractor.

The township assessor testified that the defendant had advised him that plaintiff owned a one-fourth interest in the tractor at the beginning of 1964. He further testified the tractor was then valued at $6,000 and that a one-fourth interest would be worth $1,500.

The jury fixed the amount of plaintiff's recovery at $1,500.

The parties stipulated at pre-trial the only issues to be determined were questions of fact for the jury. The amount of plaintiff's recovery was an issue of fact determined by the jury on testimony of the township assessor.

This court will not weigh conflicting evidence on appeal but will examine the record only for the purpose of determining whether there is substantial and competent evidence to support the findings and judgment. (*Newcomb v. Brettle*, 196 Kan. 560, 413 P. 2d 116; see also Hatcher's Kansas Digest, Appeal and Error §§ 507, 508.)

The burden remains always on an appellant to show error in the ruling complained of, and when an appellant has not sustained that burden this court cannot assume error in the ruling. (*Reynard v. Bradshaw*, 196 Kan. 97, 409 P. 2d 1011; see also Hatcher's Kansas Digest, Appeal and Error § 583.)

The judgment is affirmed.