No. 45,241

C. M. Mann and Vera Mann, His Wife, *Appellees,* v. Robert L. Good, a Minor, *Appellant,* (and Roberta J. Hixon, *Defendant*).

(451 P. 2d 233)

Opinion filed March 8, 1969.

*Forrest E. Short,* of Fort Scott, argued the cause and *Joel B. Short,* of Fort Scott, was with him on the brief for appellant.

*Walter B. Patterson,* of Fort Scott, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

Fromme, J.: This is a wrongful death action brought by the parents of Carol Mann, deceased. Carol died as a result of an automobile collision in Bourbon county. She was a guest passenger in an automobile driven by Robert L. Good.

The case was tried to the court without a jury. The court made extensive findings of fact and entered judgment in favor of plaintiffs and against the defendant Robert L. Good in the sum of $11,460.11. The claim against the defendant Roberta J. Hixon was dismissed at the close of the evidence and no question is raised concerning the

dismissal. The defendant-appellant, Robert L. Good, will be referred to in this opinion as the defendant. He has appealed from the judgment.

The plaintiffs filed notice of cross-appeal from a post trial order setting the amount of a supersedeas bond and staying further proceedings to collect the judgment, but in their brief they make no contention and present no argument with respect to such ruling. We therefore consider the cross-appeal as abandoned. (*Marks v. Frantz*, 179 Kan. 638, 640, 298 P. 2d 316.)

The eight points stated as error by defendant present one basic question to be decided in this appeal. Was the evidence sufficient to support the findings of the trial court and the conclusion that defendant's conduct amounted to gross and wanton negligence?

The facts which gave rise to this claim for relief were set forth in the trial court's memorandum decision as follows:

"The Court finds the facts to be as follows: On the afternoon of June 17, 1965, a bright, sunshiny day, deceased was riding as a passenger in an automobile driven by the defendant. The deceased had been dating a brother of the defendant for two years; the brother was working that afternoon and the deceased had accompanied the defendant to the Fort Scott City Lake, where they watched the bathers and the activities around the lakeside for an hour or more. They were returning to Fort Scott about 5:15 o'clock p. m. At the time of the collision they were headed east on a blacktop county road. Defendant was driving his 1950 Ford automobile between 60 and 70 miles per hour, with his car in overdrive. The car was old but it had new tires and was in good mechanical condition. Prior to the collision the deceased asked defendant to slow down but he did not do so. Immediately after he topped a hill approximately one and one-half miles south and one mile west of Fort Scott, he met two westbound cars, the first driven by Reuben Rankin, the second by Roberta J. Hixon. Defendant crowded Mr. Rankin, who pulled his vehicle over in order to pass. Miss Hixon, meanwhile, was slowing her vehicle preparatory to turning into a lane on the south side of the highway. She was about four car lengths behind the Rankin vehicle. Miss Hixon's car remained at all times in her right-hand or westbound lane; she was not giving any turn signal. Defendant applied his brakes vigorously; his car went into a skid and slid at an angle down the highway, the right front of the defendant's car striking the left front of the Hixon vehicle. The point of impact was approximately one foot north of the center line of the roadway.

"The highway in the area of the collision was a narrow (18-foot) rough blacktop road in poor condition, rounded to the center; the edges of the blacktop were jagged and what little shoulder there was, was rough, covered with rock and gravel and had holes in it. Defendant Good was familiar with the highway over which he was driving. The speed limit on this highway was 'reasonable and prudent under the conditions then existing,' and was required to be so controlled as necessary to avoid colliding with any vehicle on the

highway, in compliance with legal requirements and the duty of all persons to use due care, and to be appropriately reduced when traveling upon any narrow roadway, with a maximum of 70 miles per hour. (K. S. A. 8-532 (*a*) (*b*) and (*c*)."

The factors present in the evidence upon which the trial court concluded defendant's conduct was gross and wanton were set forth in the court's decision as follows:

"What were the factors present? Defendant Good was acquainted with the highway over which he was driving; he knew that it was narrow, rough, and that there were a number of private driveways serving suburban and farm homes in the vicinity of the collision. The terrain was such that one driving eastward could not see a section of the road in the valley—where the driveways are located. Defendant Good was driving at a speed of 60 to 70 miles per hour—faster than is reasonable or prudent, excessive under the conditions then existing. Traffic was fairly heavy. The deceased had remonstrated with defendant and requested him to reduce his speed, but he continued to drive at the same speed, not even reducing his speed as he crested the steep hill just west of the collision scene. He left the transmission in overdrive—thus he could not count on the compression of his engine as a braking force. On the steep downgrade he encountered two cars in close proximity approaching him on the narrow roadway. He slammed on his brakes; his car went into a skid and slide, and the fatal collision ensued. One seeing the roadway, the narrowness of the blacktop, the roughness of the road, the lack of effective shoulders and knowing the steepness of the hill, could not help but realize the imminence of danger, should there be cars approaching in the hidden area over the hill. The Court concludes that the defendant realized the imminence of danger and recklessly disregarded it; that his conduct was gross and wanton, and the proximate cause of the collision."

Defendant contends there was no substantial evidence that he was driving sixty to seventy miles per hour or that Carol Mann asked him to slow down. The defendant says the court should have disregarded the testimony of the dead girl's father who related a conversation with defendant following the death of his daughter. In this conversation the defendant made the admissions to the father. These admissions were relevant evidence. Defendant further contends evidence of four vehicles traveling this county road did not justify a finding that traffic was fairly heavy. He also argues three private driveways in the vicinity of the collision scene do not justify the finding that there were a number of private driveways serving homes in the vicinity. These arguments are directed to the weight of the evidence and the credibility of the witnesses.

When the trial court's findings are attacked because of insufficiency of the evidence, the power of a reviewing court begins and ends with the determination of whether there is any substantial evi-

dence to support the findings. This court does not pass on the credibility of witnesses or the truth of their testimony. It is the function of the trier of facts, not of the reviewing court, to determine which witness and what testimony it should believe. (See *Finnell v. Patrons Co-operative Bank,* 193 Kan. 354, 394 P. 2d 116 and cases cited therein.)

Substantial evidence means evidence possessing something of substance and relevant consequence, and which furnishes substantial basis of fact from which the issues can reasonably be resolved. (See *Newcomb v. Brettle,* 196 Kan. 560, 413 P. 2d 116 and cases cited therein.)

We have examined the record and there is relevant evidence possessing substance which furnishes a basis for the facts set forth in the findings of the trial court.

Do the facts found by the trial court amount to gross and wanton negligence?

In *Saunders v. Shaver,* 190 Kan. 699, 378 P. 2d 70, this court said:

". . . A wanton act is something more than ordinary negligence, and yet it is something less than willful injury; to constitute wantonness, the act must indicate a realization of the imminence of danger and a reckless disregard and complete indifference and unconcern for the probable consequences of the wrongful act. It is sufficient if it indicates a reckless disregard for the rights of others with a total indifference to the consequences, although a catastrophe might be the natural result. . . ." (p. 701.)

This definition of gross and wanton negligence was further refined in *Muhn v. Schell,* 196 Kan. 713, 413 P. 2d 997, where it was held:

"Wantonness constituting gross and wanton negligence, as that term is used in the automobile guest statute (K. S. A. 8-122b), indicates a realization of the imminence of danger, and a reckless disregard, complete indifference and unconcern of the probable consequences of the wrongful act." (Syl. ¶ 1.)

"The mental attitude of the wrongdoers, rather than the particular negligent act or acts, tends to establish wantonness, and whether the necessary elements are present to constitute wantonness must of necessity depend on the facts and circumstances of each particular case." (Syl. ¶ 2.)

The trial court was cognizant of what is necessary to constitute gross and wanton acts. It determined from the evidence defendant was acquainted with the dangers present in traveling this particular stretch of road. The defendant approached the brow of the hill driving his 1950 Ford, equipped with four barrel carburetor, eight cylinder motor and special transmission, at an excessive rate of speed. He ignored his passenger's request to slow down. Under these and other circumstances shown by the record the trial court

was justified in concluding defendant realized the imminence of danger and proceeded in the face of protests from his passenger with reckless disregard for the probable consequences of his acts. We cannot say as a matter of law these findings do not support the conclusion of gross and wanton negligence.

The judgment for plaintiffs against the defendant, Robert L. Good, is affirmed.