No. 46,110

DELIGHT WHOLESALE COMPANY, a Corporation, and CAROL LAMAN, a Minor, by MERVIN LAMAN, her Father and Next Friend, *Appellees*, v. THE CITY OF PRAIRIE VILLAGE, KANSAS, a First Class City, *Appellant.*

(491 P. 2d 910)

Opinion filed December 11, 1971.

*James R. Hoover,* of Prairie Village, argued the cause, and *Bernis G. Terry,* of Olathe, was with him on the brief for appellant.

*John W. Breyfogle, Jr.,* of Breyfogle, Gardner, Martin, Davis & Kreamer, of Olathe, argued the cause, and *Joseph S. Davis, Jr.,* of the same firm, was with him on the brief for appellees.

The opinion of the court was delivered by

FATZER, C. J.: This action was commenced by the appellees to permanently enjoin the appellant, the City of Prairie Village, from enforcing Ordinance No. 1154 which purported to regulate stopping, parking, and selling from vehicles upon the paved portion of the streets of the City between the hours of 7:00 a. m. and 9:00 p. m. The district court declared the ordinance to be arbi-

trary, unreasonable and void, and permanently enjoined its enforcement. The City has appealed.

Delight Wholesale Company is a corporation engaged in the selling of frozen treats, including but not limited to, ice cream and popsicles. The company sells its products at wholesale and leases jeeps with built-in refrigerators to young persons of college age who sell the frozen treats at retail on the public streets of Prairie Village. Appellee, Carol Laman, was a resident of Prairie Village and was one of the franchise dealers of Delight Wholesale.

On July 7, 1969, the governing body of Prairie Village approved and passed Ordinance No. 1154. Section 1 reads:

"The Governing Body having determined upon the basis of engineering and traffic study and investigation that the stopping or parking of vehicles for vending, selling, and/or offering for sale, goods, wares, ice cream, milk, vegetables, insurance, medicine, candy, soft drinks, or any merchandise from said vehicle, upon the paved portion of the public streets of said city is not reasonable or safe under the pedestrian and vehicular traffic conditions *found to exist* between the hours of 7 o'clock, a. m., and 9 o'clock, p. m., of any day; therefore, the Governing Body hereby determines and declares the same to be unreasonable and unsafe and no person shall stop a vehicle upon the paved portion of any street or parts of streets of the City of Prairie Village for the purpose of vending, selling, and/or offering for sale, goods, wares, ice cream, milk, vegetables, insurance, medicine, candy, soft drinks, or merchandise between the hours of 7 o'clock, a. m., and 9 o'clock, p. m., of any day." (Emphasis supplied.)

For violation of the ordinance, a person could be imprisoned for up to sixty days, fined not to exceed $100, or both.

Trial by the district court was held on September 2, 1969. The issue raised by the appellees was that the hours of operation permitted by the ordinance destroyed their lawful business under the guise of regulation, and for that reason the ordinance was invalid. The City contended, through statements of counsel, the ordinance was a safety measure. It was asserted the element of violation consisted of the *stopping* of a vehicle by any person on the paved portion of a street to effectuate a sale. Primarily, the City maintained that the act of intermittent stopping, proceeding at a slow rate, and the accumulation of crowds crossing streets between intersections constituted a safety hazard.

The only evidence presented was the testimony of the appellees, which, in a summary way, showed that Delight Wholesale carefully screened its franchisers and accepted only those with good moral character and good driving records. The young drivers were

carefully trained before they were given a jeep. They were spot-checked from time to time to insure the implementation of training methods. The insurance rates paid by Delight Wholesale bespeak the drivers' safety records. The appellant did not controvert the evidence that the drivers were well trained in safety methods. There were no health or sanitation problems presented.

The record discloses that Delight Wholesale imposed many restrictions upon its drivers which had a direct relationship to safety. They were not allowed to sell near schools while the schools were in session, nor were they allowed to make sales on main thoroughfares, arterial highways, or in the business district. The drivers were not permitted to sell, or to let others come around to the street side of the vehicle. Children across the street from where the jeeps stopped were under close scrutiny of the drivers and were instructed when to cross the street to the vehicle. The jeeps were operated at safe speeds, and the drivers were instructed not to impede the flow of traffic when in vending areas. There was no evidence that anyone was endangered, or that anyone had been injured as a result of the manner of operation. The jeeps have lights which give notice to other drivers when they are stationary by the curb. They are uniquely marked, making them clearly visible. There is every indication to cars approaching from either direction when the jeeps are stopping and starting, moving slow, and so forth, in a regular pattern or system.

The district court made findings of fact and conclusions of law which read:

"FINDINGS OF FACT

"1. That Delight Wholesale Company is a corporation engaged in the sale of frozen products at wholesale to persons operating vehicles leased from said company for resale of such products at retail in franchised territories within the defendant city.

"2. That Carol Laman operated a vehicle leased from Delight Wholesale within the defendant city prior to the enactment of Ordinance No. 1154.

"3. That the vehicles owned by Delight Wholesale are leased only to carefully screened and trained drivers and are operated in a safe manner and only in residential areas, and their operation is a legitimate business.

"4. That on July 7, 1969, the city council adopted Ordinance No. 1154, which has the effect of prohibiting the conduct of plaintiffs' business.

"CONCLUSIONS OF LAW

"1. That the police power is wide in its scope and gives power to city government to enact laws to promote the health, morals, security and welfare of the people; it cannot, however, under the guise of police power, enact un-

reasonable and oppressive ordinances or those which are violative of fundamental law.

"2. That the effect of Ordinance No. 1154 is to prohibit plaintiffs' legitimate business operation and not to reasonably regulate said business.

"3. That Ordinance No. 1154 is not within the scope of the police power of the City of Prairie Village and is arbitrary and unreasonable and therefore void."

Appellant raises numerous issues on appeal, most of which are duplicitous. In summary, the appellant contends, first, there was no substantial evidence to support the district court's finding that the jeeps operated by franchise dealers of Delight Wholesale were operated in a safe manner; second, that the enactment of Ordinance No. 1154 was a proper exercise of police power in that it had a substantial relationship to public health, safety and welfare, and was neither arbitrary or unreasonable.

Turning to the appellant's first contention, this court has defined the term "substantial evidence" to mean evidence which possesses something of substance and relevant consequence and which furnishes a substantial basis of fact from which the issues tendered can reasonably be resolved. (*Johnson v. General Motors Corporation*, 199 Kan. 720, 433 P. 2d 585; *Mann v. Good*, 202 Kan. 631, 451 P. 2d 233; *Newcomb v. Brettle*, 196 Kan. 560, 413 P. 2d 116.) We conclude from examining the record there was ample and substantial evidence to justify the district court in finding the drivers were carefully screened and trained; that the jeeps were operated in residential areas in a safe manner and in the pursuit of a legitimate business. The absence of any evidence by the appellant to the contrary compels such a result. It follows the appellant's first contention is without merit.

Turning to the appellant's second contention, a similar question was presented in the recent case of *Delight Wholesale Co. v. City of Overland Park*, 203 Kan. 99, 453 P. 2d 82. This court held the police power is wide in its scope and gives the governmental body broad powers to enact laws to promote the health, morals, security, and welfare of the people. Broad discretion is vested in the governing body to determine for itself what is deleterious to health, morals, or is inimical to public welfare. See *Watson v. City of Topeka*, 194 Kan. 585, 400 P. 2d 689; *Community Antenna TV of Wichita, Inc. v. City of Wichita*, 205 Kan. 537, 471 P. 2d 360. However, the governing body does not possess such plenary powers so as to pass legislation which is arbitrary, oppressive, or so capricious that it has

no reasonable basis. In the *Overland Park* case an ordinance of similar purport was held to have the effect of prohibiting the conduct of the appellee's business, and was void.

The appellees introduced substantial evidence that the operation of the jeeps and the conduct of their business did not constitute a traffic hazard. There were adequate safeguards shown. The manner in which sales were consummated clearly indicated that Delight Wholesale's business was legitimate, and did not present a threat to the health, safety, or morals of the citizens of Prairie Village. We do not say the evidence as presented could not have been rebutted. Had the appellant proffered the engineering and traffic studies upon which it was asserted the ordinance was based, and from which unsafe conditions were "found to exist," the balance might have tipped in favor of the appellant. Instead, the City was content to introduce no evidence, and relied solely upon statements of counsel, which had no evidentiary value. If such study and investigation was in fact made, the appellant did not give the district court the benefit of the data and information obtained therefrom, and thus no evidence for the appellees to impeach. The appellant had full opportunity to introduce evidence, and when it failed to do so, the district court was left with nothing to consider but the appellee's evidence.

The appellant's attempt to distinguish the case at bar from the *Overland Park* case is a shallow gesture. The alleged traffic hazards advanced by the appellant in the instant case are identical to those advanced by the City of Overland Park. The recitations of justification for the enactment of Ordinance No. 1154 do not obscure its plain effect of prohibiting Delight Wholesale's conduct of a legitimate business operation, and we see no appreciable difference in this ordinance that would distinguish it from the *Overland Park* case. Where, as here, the legitimate exercise of police power is challenged by substantial evidence which the trier of fact finds has destroyed the presumption of its valid exercise, the City is required to go forward with the burden of persuasion and establish the substantial relationship of the regulation to the health, safety, or morals of the community. As the record indicates, the appellant made no attempt to sustain that burden.

The judgment is affirmed.

O'Connor and Prager, JJ., not participating.

FROMME, J., dissenting: What was said in the dissenting opinion in *Delight Wholesale Co. v. City of Overland Park*, 203 Kan. 99, 105, 453 P. 2d 82, is equally applicable to the decision in this case. Sooner or later this court must face up to the growing traffic problems which exist in our metropolitan areas. The vending of frozen treats from slow moving vehicles traveling and parking on the traveled portions of the city streets add to the various other traffic hazards existing and will end in tragedy for one of the small patrons of Delight Wholesale Company. The governing body of the city in passing the ordinance acted reasonably to protect the health and safety of the citizens of its community.

KAUL, J., joins in the foregoing dissent.