(908 P.2d 649)
No. 72,713

STATE OF KANSAS, *Appellee*, v. CARRIE NEIGHBORS, *Appellant*.

Opinion filed December 22, 1995.

*Patrick S. Levy*, of Lawrence, for appellant.

*Gayle B. Armstrong*, assistant district attorney, *Mark A. Knight*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ROYSE, P.J., ELLIOTT and PIERRON, JJ.

ROYSE, J.: Carrie Neighbors was convicted by a jury of one count of selling or offering for sale throwing stars and metal knuckles in violation of K.S.A. 1994 Supp. 21-4201(a)(1). She appeals, arguing (1) the statute is unconstitutionally vague and overbroad; (2) the

trial court erred in refusing to allow the defense to question prospective jurors about their feelings concerning interracial marriages; and (3) the trial court erred in its instructions to the jury.

Neighbors and her husband own the Yellow House Variety Store in Lawrence, Kansas. They sell novelty items, leather jackets, jewelry, electronics, and used appliances. On December 2, 1993, Officer Damon Thomas of the Lawrence Police Department entered the store. Thomas was in plain clothes. He asked the clerk to see "the stars." He looked through a basketful of stars and purchased two. One of the stars had a small hole in it, the other did not. When he returned to the station, Thomas tested the stars by throwing them at some trees to see if the stars would stick. Both stars did stick several times, becoming embedded in the trees up to an inch.

The following day, Detective M. T. Brown went to the store. He was in plain clothes. He asked Neighbors if items in the display case were throwing stars, and she replied that they were. Brown purchased one throwing star.

Later, Detective Dan Ward and other police officers went to the store with a search warrant and confiscated the rest of the throwing stars. Ward also confiscated what he believed to be two metal knuckles, one which looked like the handle of a knife and one which was identified as a "brass buckle."

Neighbors was charged with one count of willfully and unlawfully selling throwing stars and metal knuckles, in violation of K.S.A. 1994 Supp. 21-4201(a)(1). That statute provides:

"(a) Criminal use of weapons is knowingly:
(1) Selling, manufacturing, purchasing, possessing or carrying any bludgeon, sandclub, metal knuckles or throwing star, or any knife, commonly referred to as a switch-blade, which has a blade that opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife, or any knife having a blade that opens or falls or is ejected into position by the force of gravity or by an outward, downward or centrifugal thrust or movement."

The term "throwing star" means "any instrument, without handles, consisting of a metal plate having three or more radiating points with one or more sharp edges and designed in the shape of a polygon, trefoil, cross, star, diamond or other geometric shape, manufactured for use as a weapon for throwing." 21-4201(h).

## VAGUENESS

Neighbors' first argument on appeal is that K.S.A. 1994 Supp. 21-4201 is unconstitutionally vague. She argues that the statute is impermissibly vague because it does not define such terms as "metal knuckles" and, thus, does not make clear whether the item must be intended for use as a weapon.

A statute is presumed constitutional, and all doubt must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, the court must do so. A statute must clearly violate the constitution before it may be struck down. *State v. Scherzer*, 254 Kan. 926, Syl. ¶ 6, 869 P.2d 729 (1994).

A statute must be sufficiently definite to meet due process standards. The test to determine whether a criminal statute is unconstitutionally vague is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. A statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. *State v. Dunn*, 233 Kan. 411, 418, 662 P.2d 1286 (1983). In determining whether a statute is void for vagueness, two inquiries are appropriate: (1) whether the statute gives fair warning to those persons potentially subject to it and (2) whether the statute adequately guards against arbitrary and discriminatory enforcement. See *City of Wichita v. Wallace*, 246 Kan. 253, 259, 788 P.2d 270 (1990).

Neighbors argues that under the reasoning of *Cardarella v. City of Overland Park*, 228 Kan. 698, 620 P.2d 1122 (1980), K.S.A. 1994 Supp. 21-4201(a) is unconstitutionally vague. In *Cardarella*, the Supreme Court addressed a vagueness challenge to an ordinance that restricted the sale or display of items designed or intended for use as drug paraphernalia. Cardarella argued that some of the prohibited items could have both legitimate and illegitimate uses, and a merchant, therefore, would not have fair warning of what sales were forbidden. The Supreme Court rejected this argument, noting the ordinance required proof that the seller intended the items

to be used as drug paraphernalia and enumerated five factors for determining the seller's intent. Those factors were clearly set out in the ordinance and provided fair warning to a merchant as to whether the sale of the items would be lawful or unlawful. 228 Kan. at 704-05.

Neighbors' reliance on *Cardarella* is misplaced. She assumes that the statute draws a line between legitimate and illegitimate uses for metal knuckles. This assumption is incorrect. K.S.A. 1994 Supp. 21-4201(a) makes unlawful the sale of *all* metal knuckles, regardless of their intended use. See *People v. Ferguson*, 129 Cal. App. 300, 304, 18 P.2d 741 (1933) (legislative ban reflects recognition that metal knuckles are "known to be the tools of the brawl fighter and cowardly assassin and of no beneficial use whatever to a good citizen or to society").

The statute clearly sets forth the particular items within its scope. A person of common intelligence need not guess whether the statute forbids the sale of metal knuckles, regardless of whether they are characterized as paperweights, belt buckles, historic replicas, or wall hangings.

Neighbors also complains the statue is vague because it fails to specify the requisite intent. This argument is without merit.

K.S.A. 1994 Supp. 21-3201 states that except as otherwise provided, criminal intent is an essential element of every crime. Criminal intent may be established by proof that the defendant's conduct was intentional or reckless. Proof of intentional conduct is required, unless the statute defining the crime expressly provides that the prohibited act is criminal if done in a reckless manner. Intentional conduct is defined as conduct that is purposeful and willful and not accidental. The term "knowing" is one of the terms included within the term "intentional." See *State v. Mountjoy*, 257 Kan. 163, 169-70, 891 P.2d 376 (1995).

K.S.A. 1994 Supp. 21-4201(a) requires proof that the prohibited conduct is performed "knowingly." The statute, therefore, contains the element of criminal intent as required by K.S.A. 1994 Supp. 21-3201.

Neighbors' final vagueness argument is that the statute is vague because it fails to guard against arbitrary and discriminatory enforcement. This argument is likewise without merit.

Neighbors points to testimony showing that one purchaser of a throwing star has been prosecuted, but no other persons have been prosecuted for selling throwing stars in Douglas County. She also points to the fact that the Lawrence Police Department has not investigated the Tennessee wholesaler which supplied Neighbors' throwing stars and metal knuckles. This testimony does not establish discriminatory or selective enforcement of the law resulting from vagueness in the statutory language. "The mere fact the appellants were the first to be prosecuted under the law does not alone establish [that Douglas County officials] engaged in arbitrary enforcement of the law." *State v. Dunn*, 233 Kan. at 425.

K.S.A. 1994 Supp. 21-4201(a) provides adequate guidelines so that law enforcement officials are not left arbitrarily to decide whether an item is within its scope. The statute is sufficiently precise to guard against arbitrary and discriminatory enforcement. Neighbors' vagueness argument fails.

## OVERBREADTH

Neighbors' second issue is whether the statute is unconstitutionally overbroad. "A statute which is overbroad makes conduct criminal which is constitutionally protected." *State v. Allen & Rosebaugh*, 1 Kan. App. 2d 32, Syl. ¶ 1, 562 P.2d 445 (1977).

Neighbors maintains that K.S.A. 1994 Supp. 21-4201(a) would punish individuals who must wear prosthetic devices or might carry sporting equipment. Neighbors does not claim that these activities are constitutionally protected, but instead asserts that they are beyond the State's police power.

A threshold problem with Neighbors' argument is that she relies on hypothetical situations which involve the rights of other individuals. It is well settled, however, that "[a] person to whom a statute may constitutionally be applied cannot challenge that statute on the ground that it may conceivably be applied unconstitutionally in situations not before the court." *State v. Weniger*, 9 Kan. App. 2d 705, 708, 687 P.2d 643, *rev. denied* 236 Kan. 877 (1984); see *Manzanares v. Bell*, 214 Kan. 589, 616, 522 P.2d 1291 (1974). Put another way: The general rule of standing is that '[u]nconstitutional governmental action can only be challenged by

a person directly affected and such a challenge cannot be made by invoking the rights of others." *State v. Thompson*, 221 Kan. 165, Syl. ¶ 4, 558 P.2d 1079 (1976). Thus, Neighbors may not assert the rights of others.

A special standing rule permits a party to raise overbreadth when a statute purports to regulate the First Amendment rights of others. *City of Wichita v. Wallace*, 246 Kan. at 267; *Moody v. Board of Shawnee County Comm'rs*, 237 Kan. 67, 69, 697 P.2d 1310 (1985); see *Broadrick v. Oklahoma*, 413 U.S. 601, 611-13, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973). Neighbors, however, makes no First Amendment claim. Thus, her contention that K.S.A. 1994 Supp. 21-4201(a) is overbroad is not properly before us.

Moreover, her assertion that the statute exceeds the police power of the State is without merit. The police power of the State is wide in its scope and gives the governmental body broad powers to enact laws to promote the health, morals, security, and welfare of the people. Broad discretion is vested in the governing body to determine for itself what is deleterious to health and morals. *Delight Wholesale Co. v. City of Prairie Village*, 208 Kan. 246, 249, 491 P.2d 910 (1971). The fixed rule and basic standard by which the validity of all exercise of police power is tested is that the police power of the State extends only to such measures as are reasonable and that all police regulation must be reasonable under all circumstances. *City of Junction City v. Mevis*, 226 Kan. 526, 534-35, 601 P.2d 1145 (1979).

On its face, the statute prohibits carrying, concealing, selling, offering for sale, manufacturing, causing to be manufactured, purchasing, possessing, lending, and transporting various weapons, devices, attachments, or materials which the legislature has determined are dangerous. The statute specifies certain exemptions and provides that it is a defense if the defendant is within one of the exemptions. The prohibitions within the statute are clearly related to public safety and fall well within the boundaries of the police power.

## JURY SELECTION

Neighbors argues that the district court erred in refusing to allow

the defense to question prospective jurors about their feelings concerning interracial marriages. Instead, Neighbors' counsel was allowed to ask whether the jurors' feelings about interracial marriages would interfere with the way they evaluated the evidence in the case. Neighbors' counsel later passed the panel for cause.

The extent of the examination of jurors during voir dire is within the discretion of the trial court. The appellate courts will not interfere unless an abuse of discretion is clearly shown. *State v. Osby*, 246 Kan. 621, 623-24, 793 P.2d 243 (1990). The purpose of the voir dire examination is to enable the parties to select competent jurors without bias, prejudice, or partiality. The nature and scope of such examination is within the sound discretion of the trial court. *State v. Zamora*, 247 Kan. 684, 692, 803 P.2d 568 (1990).

This case is analogous to *State v. Lockett*, 232 Kan. 317, 654 P.2d 433 (1982). In *Lockett*, defense counsel sought to ask prospective jurors their feelings about criminals. The trial judge ruled that such feelings are important only to the extent they would influence the jurors in deciding the case. Accordingly, defense counsel was directed to frame his questions to the jury within the judge's parameters. On appeal, the Supreme Court held that the trial court had not abused its discretion in limiting voir dire. 232 Kan. at 321-24; see also *State v. Darling*, 208 Kan. 469, 475, 493 P.2d 216 (1972) (limitations on questions regarding prospective jurors' views on abortion not an abuse of discretion).

As in *Lockett*, the trial judge in this case prevented defense counsel from asking open-ended questions about the attitudes of prospective jurors. Instead, defense counsel was directed to ask questions relevant to the prospective jurors' bias and prejudice in the case at issue. Clearly, no abuse of discretion has been shown.

## JURY INSTRUCTIONS

Neighbors argues the trial court erred by refusing to give an instruction adapted from PIK Crim. 3d 54.03, Ignorance or Mistake of Fact. Neighbors' proposed instruction included a second sentence not found in 54.03:

"It is a defense in this case if by reason of ignorance or mistake the defendant did not have at the time the mental state which the statute requires as an element

of the crime. *In other words, the State must prove to you, beyond a reasonable doubt, that the defendant knew she sold weapons in violation of K.S.A. 21-4201."* (Emphasis added.)

A trial court has discretion in giving instructions to the jury, and, on appeal, the instructions should be approved if, after being considered in their entirety, they properly and fairly state the law as applied to the facts in the case. *State v. Armstrong*, 238 Kan. 559, 563-64, 712 P.2d 1258 (1986).

The first sentence of Neighbors' requested instruction is based on K.S.A. 21-3203(1). That subsection states: "A person's ignorance or mistake as to a matter of either fact or law, except as provided in section 21-3202, is a defense if it negatives the existence of the mental state which the statute prescribes with respect to an element of the crime." The cross-reference to K.S.A. 21-3202 is particularly important in this case, because the latter statute provides: "Proof of criminal intent does not require proof of knowledge of the existence or constitutionality of the statute under which the accused is prosecuted, or the scope or meaning of the terms used in that statute." The second sentence of Neighbors' proposed instruction would have required the State to prove she "knew she sold weapons in violation of K.S.A. 21-4201" and is contrary to K.S.A. 21-3202.

In addition, K.S.A. 21-3203(2) defines specific circumstances in which a defendant may claim a reasonable belief that his conduct does not constitute a crime. Highly summarized, a defendant may rely on this defense where (1) the crime is defined by an administrative regulation or order not known to the defendant and he could not have acquired such knowledge through the exercise of reasonable diligence; (2) the defendant acted in reliance on a statute which was later declared invalid; (3) the defendant acted in reliance on an opinion of the state or federal appellate courts which was later overruled or reversed; or (4) the defendant relied upon an official interpretation of the statute by an official legally authorized to make such an interpretation. Neighbors' claim that she relied on representations by her wholesaler do not fall within any of these circumstances. See *State v. V.F.W. Post No. 3722*, 215 Kan. 693, 696, 527 P.2d 1020 (1974).

Finally, the instructions given by the trial court clearly state that the State was required to prove Neighbors "knowingly sold throwing stars or metal knuckles." Viewed as a whole, the instructions adequately covered the issue of criminal intent. See *State v. Davis*, 236 Kan. 538, 542, 694 P.2d 418 (1985); *State v. Lassley*, 218 Kan. 752, 756-57, 545 P.2d 379 (1976).

Neighbors also claims the trial court erred in refusing to instruct the jury on the definition of "metal knuckles." The Supreme Court, however, has repeatedly stated that a trial court need not define every word or phrase in the instructions. See *State v. Norris*, 226 Kan. 90, 95, 595 P.2d 1110 (1979); *State v. Sparks*, 217 Kan. 204, 210, 535 P.2d 901 (1975). The term "metal knuckles" is "not a term which is so foreign to the vocabulary of the average juror as to require definition." *State v. Stafford*, 223 Kan. 62, 66, 573 P.2d 970 (1977).

Viewed as a whole, the instructions did not mislead the jury or cause it to engage in speculation. See *State v. Griffin*, 221 Kan. 83, 84, 558 P.2d 90 (1976). The trial court did not err in its instructions to the jury.

Affirmed.