(233 P.3d 755)
No. 101,804

ROBERT HARTMAN, *Appellant*, v. CITY OF MISSION, KANSAS, *et al.*, *Appellees*.

Opinion filed June 11, 2010.

*Linus L. Baker*, of Owens & Baker, of Stillwell, for appellant.

*Michael K. Seck*, of Fisher, Patterson, Sayler & Smith, of Overland Park, for appellees.

Before LEBEN, P.J., GREEN and CAPLINGER, JJ.

LEBEN, J.: Robert Hartman challenges the City of Mission's refusal to hold a referendum election for two ordinances that citizens had proposed through petition relating to the establishment of a historic district within the city, and he also challenges the city council's exclusion of one of its members from an executive session held to discuss these proposed ordinances. Although Hartman owns a business in Mission, he does not live there—and only Mission residents may sign a petition seeking a referendum election or vote in that election. And only Mission residents may vote for members of its city council. We therefore conclude that Hartman has no personal interest in the issues at hand, and we dismiss his lawsuit for lack of standing.

Whether a party has standing to sue is a question of law on which an appellate court must review the matter independently, without any required deference to the district court. *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 751, 189 P.3d 494 (2008). Generally, the court accepts the facts alleged in the plaintiff's petition as true, 286 Kan. at 751, but when the opposing party challenges facts on a jurisdictional issue like standing, the court doesn't need to accept the petition's factual statements as true and may decide the issue based on the evidence presented. *Klaver Constr. Co., Inc. v. Kansas Dept. of Transp.*, 211 F. Supp. 2d 1296, 1301 (D. Kan. 2002). Here, although Hartman's petition listed an address for him in Mission, the city presented evidence that he actually was a Shawnee resident, a fact that Hartman didn't dispute either before the district court or on appeal.

Only a person who has alleged a personal stake in the outcome of the controversy has standing. *Bremby*, 286 Kan. at 750-51. In addition, the plaintiff's asserted claim must be within the range of interests protected by the law at issue. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 892, 179 P.3d 366 (2008) (citing requirement that plaintiff's complaint must come within the zone of interests protected). Hartman simply doesn't have a personal stake that the law protects in either of the issues involved in this lawsuit.

Before discussing in detail why Hartman lacks standing, we acknowledge that Hartman's business is located within the area that the proposed ordinances would classify as a historic district, and his business may well be affected by the city's decision whether to pass these ordinances. But Hartman's business does not give him standing to force the city to act one way or another regarding the ordinances. If the city is violating Hartman's rights as a property owner—either by enacting the ordinances or by refusing to do so—Hartman may sue to obtain redress for that violation. That's not the claim he has raised in this suit.

The first issue in the suit is his challenge of the city's refusal to hold a referendum election. The merits of that claim involve whether the proposed ordinances are administrative functions (where the city would not have to hold the election) or legislative functions (where citizens have the right to petition for such an

election). See K.S.A. 12-3013; *McAlister v. City of Fairway*, 289 Kan. 391, 212 P.3d 184 (2009). But only those entitled to vote in city elections may sign such petitions, K.S.A. 12-3013(a), and only Mission residents may vote in its elections. See Kan. Const., Art. 5, § 1 ("Every citizen . . . who resides in the voting area in which he or she seeks to vote shall be deemed a qualified elector."); Mission Kan. Code § 110.015 (B) (2009). Residents of other cities do not have standing to force Mission to hold a referendum election, nor would they be able to vote in that election.

The second issue is Hartman's challenge of the city council's exclusion of one of its members from an executive session at which the proposed ordinances were discussed. Once again, because Hartman doesn't reside in Mission, he has no standing to seek court review of the council's action in excluding one of its members from a discussion. Moreover, it is well established that a party to a lawsuit may not assert the rights of others; the challenged conduct must directly affect the party suing over it. *State ex rel. Morrison*, 285 Kan. at 892; *State v. Neighbors*, 21 Kan. App. 2d 824, 828-29, 908 P.2d 649 (1995). Hartman is asserting the rights of the excluded council member, not his own. Hartman tries to avoid this problem by alleging that he suffered an injury to his right to representation, but mere property owners in a city who are not residents do not have the right to representation on its city council.

Hartman makes a general argument on both issues that standing rules are relaxed when only a declaration of legal rights is sought, which is the case in this suit. He is right about this general legal rule. See *State ex rel. Morrison*, 285 Kan. at 897. But an actual case or controversy—in which the plaintiff has standing—is still required even in actions seeking declaratory relief. 285 Kan. at 896-97.

When this case was pending before the district court, an additional plaintiff was a Mission resident. While the district court dismissed the claims related to the council member's exclusion on standing grounds, it did address the merits of whether the referendum election had to be held. The Mission resident has since dismissed his claims, leaving only Hartman. Hartman argues that because Supreme Court Rule 5.04 (2009 Kan. Ct. R. Annot. 35)

provides that the "dismissal of the appeal of one party shall not affect an appeal taken by any other party," we should allow him to proceed. Rule 5.04 provides no safe harbor for Hartman or any other litigant who lacks standing. Any plaintiff must have standing to proceed, whether at the district court or on appeal. Although the district court did not address Hartman's standing to pursue claims about the referendum election, Hartman has never had standing for the reasons we have already explained. Hartman's claims are lost because Hartman lacks standing to pursue them, not because someone else chose not to continue in the lawsuit.

We therefore affirm the district court's judgment dismissing for lack of standing Hartman's claims involving the council member's exclusion. We dismiss for lack of standing Hartman's appeal on his claim that the city was required to hold a referendum election.